Larry Zerner (SBN 155473)
Morrison & Rothman
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:   (310) 773-3623
Email: Larry@MorrisonRothman.com

Attorney for Soulbound Studios, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FALLS, individually and on behalf of other persons similarly situated, | Case No. 2:21-CV-00961-DDP (JPR) |
| Plaintiff, | DEFENDANT SOULBOUND STUDIOS, LLC'S  NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| SOULBOUND STUDIOS, LLC; SOULBOUND STUDIOS (USA); XSOLLA (USA) Inc.; and Does 1 – 50, inclusive, | [Fed. R. Civ. P. 12(b)(6)] |
| Defendants. | HEARING DATE: May 10, 2021 TIME: 10:00 a.m. COURTROOM 9C |
| | [Declaration of Jeromy Walsh with Exhibits A-F Filed Concurrently] |
| | Action Filed: February 3, 2021 |

TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS

OF RECORD:

Please take notice that on May 10, 2021 at 10:00 a.m. or as soon thereafter as

the matter may be heard before the Honorable Dean D. Pregerson, located in

Courtroom 350 West 1st Street, Los Angeles, CA. 90012, Defendant Soulbound

- i –

Motion to Dismiss

Studios, LLC ("Soulbound") will move the Court for dismissal of Plaintiff James Falls complaint, pursuant to Rules 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure.  This Motion is made on the following grounds:

1.  Plaintiff filed his lawsuit in the wrong forum because he agreed to litigate any issues arising out of SBS's Terms of Use or the use of SBS's services exclusively before the state or federal courts located in King County, Washington.

2.  Plaintiff, who is a resident of Ohio, has no standing to bring claims under California law against SBS, a Washington limited liability company, with no offices in California.

3. Plaintiff cannot bring claims for violations of the Consumers Legal Remedies Act because SBS did not sell "goods" as defined in the CLRA.

4. Plaintiff cannot bring claims pursuant to the Unfair Competition Law of the Cal. Business  & Professions Code §§17200 *et seq* because such claims are based on SBS's alleged violation of the CLRA.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Jeromy Walsh with Exhibits A-F, the pleadings and papers filed herein, and on such other arguments as may be received by this Court at the hearing of this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 29, 2021

Date: April 9, 2021

MORRISON ROTHMAN

By: /s/ Larry Zerner

Larry Zerner
Attorney for Defendant Soulbound Studios, LLC.

# TABLE OF CONTENTS

I.    INTRODUCTION..................................................................... 1

II.   FACTUAL BACKGROUND ..................................................... 2

    A. Plaintiff Alleges Soulbound, A Washington Company, Breached Its Agreement With Him. ...............................................................2

    B. The Agreement Governing Plaintiff's Purchases with SBS Requires Customers to Bring Litigation in Kings County, Washington....................3

III.  THE COURT SHOULD DISMISS THE CASE UNDER THE DOCTRINE OF FORUM NON CONVENIENS......................... 4

IV.   THE COURT SHOULD DISMISS THE SECOND AND THIRD CAUSES OF ACTION BECAUSE PLAINTIFF CANNOT SHOW THAT CALIFORNIA HAS SIGNIFICANT CONTACT TO THE CLAIMS OF EACH CLASS MEMBER..................................... 6

V.    PLAINTIFF CANNOT ASSERT A VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT BECAUSE SBS DID NOT SELL GOODS TO PLAINTIFF......................... 8

VI.   THE THIRD CAUSE OF ACTION SHOULD ALSO BE DISMISSED IF THE SECOND CAUSE OF ACTION IS DISMISSED......................................................................... 9

VII.  CONCLUSION ...................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Allstate Ins. Co. v. Hague,* 449 U.S. 302, 310–11, 101 S.Ct. 633, (1981)................7

*Argueta v. Banco Mexicano, S.A* 87 F.3d 320, 324-25 ..............................................6

*Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). ............................................................................................................4, 5

*Brooks v. Sotheby's*, 2013 WL 3339356, at *2 (2013)................................................5

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–...........................................4

*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1366, 108 Cal.Rptr.3d 682................................................................................................................9

*GDG Acquisitions, LLC v. Gov't*................................................................................5

*Graham v. Bank of Am., N.A.,* 226 Cal. App. 4th 594, 613 (2014).............................9

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,* 903 F. Supp. 2d 942 (S.D. Cal. 2012) ......................................................................................8

Mazza v. Am. Honda Motor Co., 666 F.3d 581, 589–90 (9th Cir. 2012)...................7

*Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214 (1999) ....................7

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984) ...............................................................................................................6

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) ........................................5

*Russell v. De Los Suenos*, 2014 WL 1028882, at *5 (S.D. Cal. 2014) .......................6

*The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)* ..............................4, 5, 6

*Wash. Mut. Bank v. Superior Court*, 24 Cal.4th 906, 921, 103 Cal.Rptr.2d 320, 15 P.3d 1071 (Cal.2001) .............................................................................................7

*Webb v. Carter's, Inc.,* No. CV0807367GAFMANX, 2009 WL 10670244, at *5 (C.D. Cal. June 23, 2009), on reconsideration, No. CV087367GAFMANX, 2010 WL 11507254 (C.D. Cal. Apr. 1, 2010) ................................................................8

Soulbound Motion to Dismiss

*Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 847 (N.D. Cal. 2018)............................7

## STATUTES

§§1750 *et seq* ....................................................................................................8

28 U.S.C. §1406(a) ............................................................................................4

Bus. & Prof. Code §17200...................................................................1, 2,6, 7, 9

*Cal. Civil Code* §1761(a)...................................................................................8

Soulbound Motion to Dismiss

## I.    INTRODUCTION

Plaintiff, an Ohio resident, brought the instant lawsuit against Soulbound Studios, LLC ("SBS"), a Washington limited liability company.  Plaintiff alleges that he purchased downloadable content from SBS for a game being developed called Chronicles of Elyria ("CoE"). Plaintiff further alleges SBS refused to refund Plaintiff for the purchase of downloadable content to be used in the game after the completion of the game was delayed.

SBS is a Washington limited liability company and Plaintiff acknowledges that prior to purchasing the downloadable content, he agreed to SBS's Terms of Use. The Terms of Use included a term that required Plaintiff to bring any claim against SBS in Kings County, Washington, and that any such claims would be governed under Washington law.  However, instead of filing this case in Washington as agreed, Plaintiff filed the instant lawsuit in California.

Moreover, despite the fact that Plaintiff is an Ohio resident and SBS is a Washington company, Plaintiff is suing SBS for violations of California consumer law.  As an out-of-state resident, Plaintiff does not have standing to bring a claim against SBS for violations of California consumer laws.

Furthermore, because the CLRA only applies to the sale of "tangible chattel" and does not apply to the sale of software, Plaintiff's second cause of action must be dismissed.

Finally, because the third cause of action for violation of Bus. & Prof. Code §17200 is predicated on the alleged CLRA violation, this cause of action must also be dismissed.

Accordingly, SBS requests that the court provide the following relief:

A) That the Court transfer the case to the District Court for the Western District of Washington which services King's County, Washington.

- 1 –

Motion to Dismiss

*B)* That the Court dismiss the second cause of action for violation of the CLRA.

*C)* That the Court dismiss the third cause of action for violation of Cal. Bus. & Prof. Code. §§17200 *et seq.*

## II.    FACTUAL BACKGROUND

### A. Plaintiff Alleges Soulbound, A Washington Company, Breached Its Agreement With Him.

The Complaint alleges that Plaintiff is a citizen of Ohio and that SBS is incorporated and has its principal place of business in the state of Washington.[1] ¶2. SBS is a company that began developing a video game called Chronicles of Elyria ("CoE"). ¶11. While in development of CoE, SBS sold digital goods that would be used in the game. SBS made approximately $8,000,000 through a Kickstarter campaign and online sales. ¶¶11, 12, 13, 14.

Plaintiff purchased approximately $20,000 in downloadable content for CoE. ¶18. In doing so, Plaintiff went to the CoE website and agreed to the SBS Terms of Service. In the Terms of Service, SBS agreed that the funds would be refundable under terms of services of the third-party service through which the funds were procured. ¶19.

Co-Defendant Xsolla was the company that processed that payments for CoE. Plaintiff alleges that Xsolla's Terms of Service stated requests for refunds would be honored. ¶20.

Plaintiff alleges that the CoE game was not completed and when he asked for a refund, it was refused. ¶¶17, 22. Plaintiff brings this action on behalf of himself and

---

[1] Plaintiff filed the instant lawsuit against Soulbound Studios, LLC, and Soulbound Studios (USA). This motion is filed on behalf of Soulbound Studios, LLC. SBS does not know what entity Plaintiff is referring to when it named Soulbound Studios (USA) and it appears that was just an error on Plaintiff's part.

Soulbound Motion to Dismiss

those similarly situated.  He seeks class certifications and alleges causes of action for Breach of Contract (¶¶32-35) and for violations of the California Consumers Legal Remedies Act (¶¶37-43) and California Bus. & Prof. Code 17200 *et seq.* (¶¶45-49). Plaintiff also seeks declaratory relief in the form of an order defining the respective rights and duties of the parties. ¶52.

**B. The Agreement Governing Plaintiff's Purchases with SBS Requires Customers to Bring Litigation in Kings County, Washington.**

SBS is a Washington corporation with its principal place of business in the state of Washington.  ¶2. During the entire period in which the Plaintiff transacted business with SBS, the SBS Terms of Service, to which a customer must assent before purchasing game contained one of the following clauses concerning venue:

- "These Terms of Use, and any cause of action arising therefrom, shall be governed by the Laws of the State of Washington, without regard to principles of conflict of Laws. **Any cause of action arising from these Terms of Use or your use of our Services shall have sole jurisdiction in the Superior Court for the State of Washington. Venue for any such action shall be laid with the Superior Court for the State of Washington at King County.**" Exhs. D, E (Emphasis added)

- "These Terms of Use, and any cause of action arising therefrom, shall be governed by the Laws of the State of Washington, without regard to principles of conflict of Laws. **Any lawsuit arising from or related to these Terms of Use or your use of our Services shall be brought exclusively before the State or Federal Courts located in King County, Washington,** and you hereby consent to the jurisdiction of any such court." Exh. F (Emphasis added).

Despite the fact that Plaintiff agreed to bring any claim in the State of Washington, Plaintiff filed the instant lawsuit in California.

## III.   THE COURT SHOULD DISMISS THE CASE UNDER THE DOCTRINE OF FORUM NON CONVENIENS.

The Court should dismiss the Complaint because Plaintiff filed the lawsuit against SBS in the wrong forum.  Plaintiff admits that he agreed to the SBS Terms of Service when he registered on the CoE website and accordingly agreed that he would bring any lawsuit against SBS in Kings County, Washington. Complaint ¶19. Walsh Decl. Exh. D, E, F.[2]

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a)

Forum-selection clauses are "an indispensable element" in commerce, allowing parties to "agree[] in advance on a forum acceptable" to them. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13–14 (1972). This has "the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–94 (1991). To protect the expectations of the parties, "a valid forum-selection clause should be given *controlling weight in all but the most exceptional cases*." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (emphasis added). Where parties have agreed to a forum-selection clause, a "plaintiff's choice of forum merits *no weight*," and the Court "should not consider

---

[2] In deciding whether to enforce SBS's forum-selection clause, the Court may "consider facts outside of the pleadings." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *see also U.S. Vestor, LCC v. Biodata Info. Tech. AG*, 290 F. Supp. 2d 1057, 1062 n.1 (N.D. Cal. 2003) (in deciding forum non conveniens motion, "[a] court may accept declarations outside the pleadings").

Soulbound Motion to Dismiss

arguments about the parties' private interests." *Id.* at 581-82 (emphasis added). "[T]he Supreme Court in *Atlantic Marine* explained that an enforceable forum selection clause carries near-determinative weight." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014).

Under *Atlantic Marine*, this Court should enforce the forum selection clause unless plaintiffs show (1) public interest factors militate against dismissal, or (2) the clause itself "violates fundamental fairness or is the result of fraud or overreaching." *Brooks v. Sotheby's*, 2013 WL 3339356, at *2 (2013)(analyzing factors under *The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)*); *Atl. Marine*, 134 S. Ct. at 581 n.6. Plaintiffs can demonstrate neither.

***Public Interest.*** Public interest factors will "rarely defeat" a forum-selection clause. *Atl. Marine*, 134 S. Ct. at 582. "[T]he practical result is that forum-selection clauses ***should control except in unusual cases***." *Id.* (emphasis added). Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl.Marine*, 134 S. Ct. at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). None of the public interest factors render this case so "unusual" the Court should decline to enforce the forum-selection clause.

California has no interest in this case because Plaintiff is an Ohio resident and SBS is a Washington company. Therefore, there is no reason to keep the case against SBS in California.

Because the Terms of Service not only require that the case be heard in Washington but be decided under Washington law, that is another factor which factors dismissal. However, even if California law were to apply, dismissal would still be appropriate *See Russell v. De Los Suenos*, 2014 WL 1028882, at *5 (S.D. Cal.

Soulbound Motion to Dismiss

2014) (enforcing Mexico forum selection clause; "even if California law would apply ... dismissal would be appropriate").

***Fundamental Fairness.*** Nor can plaintiffs show the forum-selection clause to which they agreed violates fundamental fairness principles. Under *Bremen*, a forum selection clause is "prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable' under the circumstances." *Argueta v. Banco Mexicano, S.A* 87 F.3d 320, 324-25 (citing *Bremen*, 407 U.S. at 10). Courts construe this exception "narrowly." *Id*. "To establish unreasonableness of a forum selection clause," the party challenging it bears "a heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively ***would be denied a meaningful day in court***." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984) (emphasis added). Plaintiff cannot meet this burden, as he may meaningfully litigate his claims in the state of Washington.

The SBS forum-selection clause is enforceable, and the Court should dismiss the Complaint under the doctrine of forum non conveniens.

## IV.  THE COURT SHOULD DISMISS THE SECOND AND THIRD CAUSES OF ACTION BECAUSE PLAINTIFF CANNOT SHOW THAT CALIFORNIA HAS SIGNIFICANT CONTACT TO THE CLAIMS OF EACH CLASS MEMBER.

Plaintiff, an Ohio resident, is seeking to certify a nationwide class to bring claims alleging violations of California Consumers Legal Remedies Act (Cal. Civil Code §§ 1750 *et seq* and Unfair Competition Laws pursuant to Cal. Business & Professions Code §§17200 *et seq.*

"Under California's choice of law rules, the class action proponent bears the initial burden to show that California has "significant contact or significant aggregation of contacts" to the claims of each class member. *Wash. Mut. Bank v.*

*Superior Court,* 24 Cal.4th 906, 921, 103 Cal.Rptr.2d 320, 15 P.3d 1071 (Cal.2001) (citations omitted). Such a showing is necessary to ensure that application of California law is constitutional. *See Allstate Ins. Co. v. Hague,* 449 U.S. 302, 310–11, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). Once the class action proponent makes this showing, the burden shifts to the other side to demonstrate "that foreign law, rather than California law, should apply to class claims." Mazza v. Am. Honda Motor Co., 666 F.3d 581, 589–90 (9th Cir. 2012).

The issue of whether Plaintiff can maintain a nationwide class allegation may be addressed at the motion to dismiss stage and the Court does not have to wait until the class certification stage. *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 847 (N.D. Cal. 2018).

In the present case, Plaintiff cannot meet his burden to show that California has significant contact or significant aggregations of contacts to the claims of each class member with regard to the claims against SBS.

First, it is undisputed that Plaintiff, an Ohio resident, is suing SBS, a Washington company, for violations of California consumer laws. As there is not even presently a California resident to act as the class representative, it is impossible to see how California would have any contacts with the class members. The Complaint does not even allege that the purported class would include citizens of California.

In *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214 (1999), the Court of Appeal held that non-California residents could not sue an out-of-state company for violations of Unfair Competition Laws (§17200 *et seq*) that occurred entirely outside of California. *Norwest Mortgage* at 222. "The UCL bans unfair business practices (§ 17200) and authorizes injunctive and restitutionary relief against "[a]ny person who engages ... in unfair competition." (§ 17203.) However, it

Soulbound Motion to Dismiss

contains no express declaration that it was designed or intended to regulate claims of non-residents arising from conduct occurring entirely outside of California. *Id.*

See also, *Webb v. Carter's, Inc.,* No. CV0807367GAFMANX, 2009 WL 10670244, at *5 (C.D. Cal. June 23, 2009), on reconsideration, No. CV087367GAFMANX, 2010 WL 11507254 (C.D. Cal. Apr. 1, 2010) (Non-resident plaintiffs could not sue Delaware company for conduct occurring outside the state).

As the only Plaintiff in this case is an Ohio resident, he does not have standing to sue SBS, a Washington company, for alleged violations of California law. Further, even if Plaintiff's counsel were to find a California citizen to act as a class representative, that representative could not assert violations of California law on behalf of out-of-state class members.

## V.    PLAINTIFF CANNOT ASSERT A VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT BECAUSE SBS DID NOT SELL GOODS TO PLAINTIFF

Plaintiff second cause of action asserts violations of the Consumers Legal Remedies Act ("CLRA") §§1750 *et seq.* However, Plaintiff cannot bring an action for violations of the CLRA because the CLRA only applies to the sale of "tangible chattels" and computer software is not a "tangible chattel."

The CLRA defines goods as "tangible chattel." *Cal. Civil Code* §1761(a). Plaintiff did not purchase any tangible chattel from SBS because computer software used in a game is not tangible chattel. *p*

Nor does computer software meet the definition of a "service" which is defined as "work, labor, and services other than a commercial or business use, including services furnished in connection with the sale or repair of goods."

In *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,* 903 F. Supp. 2d 942 (S.D. Cal. 2012), the Court dismissed a class action lawsuit alleging violations of the CLRA regarding allegations that Sony allowed hackers to access

Plaintiffs' personal information on the Play Station Network ("PSN"). The Court dismissed the case on the grounds that the PSN was not a good or service as defined under the statute. "California law is clear that software is not a tangible good or service for the purposes of the CLRA." *Id* at 972.

As the game software Plaintiff purchased from SBS does not meet the definition of "goods" or "services" under the CLRA, the Second Cause of Action should be dismissed.

## VI.   THE THIRD CAUSE OF ACTION SHOULD ALSO BE DISMISSED IF THE SECOND CAUSE OF ACTION IS DISMISSED

Plaintiff's Third Cause of Action is for Unfair Competition, pursuant to Cal. Business & Professions Code §§17200 *et seq.* The Third Cause of Action contains a conclusionary statement that "Defendants' conduct constitutes unfair, unlawful and fraudulent business practices within the meaning of Business & Professions Code §§17200." ¶45.

However, Courts have held that "a plaintiff alleging an unfair business practice must show the "defendant's 'conduct is tethered to an[ ] underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law or violates the policy or spirit of an antitrust law.' *Graham v. Bank of Am., N.A.,* 226 Cal. App. 4th 594, 613 (2014) quoting *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1366, 108 Cal.Rptr.3d 682.)

Plaintiff's unfair competition claim was predicated on his allegation that Defendants had violated the CLRA. However, as discussed, *infra*, Plaintiff's CLRA claim is fatally flawed because Defendants did not sell "goods" to Plaintiff. As Plaintiff can no longer tie the unfair competition claim to the violation of the CLRA, the third cause of action must also be dismissed.

## VII.  CONCLUSION

For the reasons stated above, the Court should dismiss the second and third causes of action and transfer the case to the District Court for the Western District of Washington.

Date: April 9, 2021          MORRISON ROTHMAN


By: /s/Larry Zerner
     Larry Zerner
     Attorney for Defendant Soulbound Studios, LLC