BLANK ROME LLP
Dennis M.P. Ehling (SBN 168892)
ehling@blankrome.com
Cheryl S. Chang (SBN 237098)
chang@blankrome.com
Harrison Brown (SBN 291503)
hbrown@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:   424.239.3400
Facsimile:    424.239.3434

Attorneys for Defendant
XSOLLA (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JAMES FALLS, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOULBOUND STUDIOS, LLC; SOULBOUND STUDIOS (USA); XSOLLA (USA), Inc.; and DOES 1 through 50,<br><br>Defendants. | Case No. 2:21-cv-00961-SVW-JPR<br><br>**DEFENDANT XSOLLA (USA), INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE**<br><br>[*Filed concurrently with Notice of Motion; Declaration of Harrison Brown; Request for Judicial Notice; Proposed Order*]<br><br>Date: May 10, 2021<br>Time: 1:30 pm<br>Location: First Street Courthouse<br>350 W. 1st Street,<br>Courtroom 10A, 10th Floor,<br>Los Angeles, California 90012<br>(Remotely by Zoom)<br><br>Compl.:  February 2, 2021<br>Trial:     Not Set |

125646516

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

# TABLE OF CONTENTS

**Page**

I.    Introduction ...................................................................................................9

II.   Statement of Facts as Alleged in the Complaint ..................................... 10

    A.    Relevant Background.................................................................... 10

        1.    The SBS Parties' Terms of Use and Refund Policy ..................... 11

        2.    The EULA.................................................................................... 12

    B.    Plaintiff's Claims ......................................................................... 12

III.  Standard of Review ................................................................................... 12

    A.    Rule 12(b)(6)................................................................................ 12

    B.    Rule 12(f) .................................................................................... 13

IV.   Argument ................................................................................................... 14

    A.    The Complaint Should Be Dismissed........................................... 14

        1.    Plaintiff Fails To Allege The Elements Of A Breach Of Contract Claim In His First Cause Of Action............................... 14

        2.    Plaintiff Has Not Established The Required Elements To State A Claim for Violation Of The CLRA In His Second Cause of Action ........................................................................... 18

        3.    The Third Cause of Action for Violation of the UCL Should Be Dismissed for Failure to State a Claim ................................... 22

        4.    The Fourth Cause of Action for Declaratory Judgment Should Be Dismissed As Duplicative......................................... 25

    B.    The Court Should Strike The Class Allegations Because Of Overbreadth And Lack of Personal Jurisdiction...................... 26

        1.    The Proposed Class Is Overbroad................................................ 26

        2.    The Court Lacks Jurisdiction Over Plaintiffs Outside of the United States .............................................................................. 30

V.    Conclusion ................................................................................................ 31

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aleksick v. 7–Eleven, Inc.*,
205 Cal. App. 4th 1176 (2012) ................................................................24

*Algarin v. Maybelline, LLC*,
300 F.R.D. 444 (S.D. Cal. May 12, 2014) ..............................................29

*Asghari v. Volkswagen Grp. of Am., Inc.*,
42 F. Supp. 3d 1306 (C.D. Cal. 2013) ....................................................20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................14

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) ....................................................................14

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*,
137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017) ............................................31

*Brooks v. Darling Int'l, Inc.*,
No. 14-01128, 2017 WL 1198542 (E.D. Cal. Mar. 31, 2017) ...............30

*Bugarin v. All Nippon Airways Co.*,
No. 20-03341, 2021 WL 175940 (N.D. Cal. Jan. 19, 2021) ..................18

*Camacho v. Automobile Club of Southern California*,
142 Cal. App. 4th 1394 (2006) ..............................................................24

*Carpenter v. Petsmart*,
441 F. Supp. 3d 1028 (S.D. Cal. 2020) ..................................................31

*Carreau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (Cal. Ct. App. 1990) .........................................16

*Cattie v. Wal-Mart Stores, Inc.*,
504 F. Supp. 2d 939 (S.D. Cal. Mar. 21, 2007) ...............................20, 21

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

*CDF Firefighters v. Maldonado*,
    158 Cal.App.4th 1226 (2008) ........................................................................................ 16

*Colapinto v. Esquire Deposition Serv.*,
    2011 WL 913251 (C.D. Cal. Mar. 8, 2011) ................................................................ 30

*Colgate v. JUUL Labs, Inc.*,
    345 F. Supp. 3d 1178 (N.D. Cal. 2018).......................................................................... 22

*Cruz v. Bank of New York Mellon*,
    No. 12-00846, 2012 WL 2838957 (N.D. Cal. July 10, 2012)................................... 15

*Cruz v. Select Portfolio Servicing, Inc.*,
    2019 WL 2299857 (N.D. Cal. 2019) ............................................................................ 27

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012) ...................................................................................... 23

*Eidmann v. Walgreen Co.*,
    No. 20-04805, 2021 WL 764121 (N.D. Cal. Feb. 26, 2021).................................... 26

*Esso Standard Oil Co. v. Zayas*,
    352 F.Supp.2d 165 (D. Puerto Rico 2005) ................................................................ 27

*Faulkner v. ADT Sec. Servs., Inc.*,
    706 F.3d 1017 (9th Cir. 2013) ...................................................................................... 14

*Ferrington v. McAfee, Inc.*,
    No. 10-01455, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010)................................... 19

*Frenzel v. AliphCom*,
    76 F. Supp. 3d 999 (N.D. Cal. 2014)............................................................................ 22

*Garavito v. JPMorgan Chase Bank N.A.*,
    2013 WL 12130017 (C.D. Cal. 2013) .......................................................................... 27

*Gardner v. RSM & A Foreclosure Servs., LLC*,
    No. 12- 2666, 2013 WL 1129392 (E.D. Cal. Mar. 18, 2013) ................................. 16

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982)......................................................................................................... 15

*Goldstein v. Gen. Motors LLC*,
    445 F. Supp. 3d 1000 (S.D. Cal. 2020) ...................................................................31, 32

125646516

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

*Gonzales v. Comcast Corp.*,
  No. 10-01010, 2012 WL 10621 (E.D. Cal. Jan. 3, 2012).........................................30

*Grill v. BAC Home Loans Servicing LP*,
  2011 WL 127891 (E.D. Cal. Jan. 13, 2011) ............................................................14

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017)...................................................................26

*In re Hain Celestial Seasonings Prod. Consumer Litig.*,
  No. 13-1757, 2015 WL 12001273 (C.D. Cal. Sept. 23, 2015)...............................28

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1990) ................................................................................14

*Haskins v. Symantec Corp.*,
  654 F. App'x 338 (9th Cir. 2016).............................................................................22

*Herrera v. Wells Fargo Bank, N.A.*,
  No. 18-332, 2020 WL 5802421 (C.D. Cal. Sept. 1, 2020).....................................18

*Hovsepian v. Apple Inc.*,
  2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ...................................................27, 30

*Ins. Co. of the W. v. JPMorgan Chase Bank*,
  No. 08-1492, 2008 WL 11508652 (S.D. Cal. Oct. 28, 2008) ................................16

*Int'l Bhd. of Teamsters v. NASA Servs., Inc.*,
  957 F.3d 1038 (9th Cir. 2020) ................................................................................17

*Kas v. Mercedes-Benz USA, LLC*,
  No. 11-1032, 2011 WL 13238744 (C.D. Cal. Aug. 23, 2011)...............................30

*La Mar v. H & B Novelty & Loan Co.*,
  489 F.2d 461 (9th Cir. 1973)...................................................................................30

*In re Land Rover LR3 Tire Wear Prod. Liab. Litig.*,
  2012 WL 5473736 (C.D. Cal. Oct. 24, 2012) ........................................................15

*Lapidus v. Hecht*,
  232 F.3d 679 (9th Cir. 2000) ..................................................................................14

*Laster v. T-Mobile USA, Inc.*,
  407 F. Supp. 2d 1181 (S.D. Cal. 2005) ..................................................................20

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

*Lessard v. Trinity Protection Servs.*,
    2010 WL 3069265 (E.D. Cal. Aug. 3, 2010) ............................................................ 14

*Lozano v. AT & T Wireless Servs., Inc.*,
    504 F.3d 718 (9th Cir. 2007) ................................................................................. 23

*Martin v. Pac. Parking Sys. Inc.*,
    583 Fed.Appx. 803 (9th Cir. 2014) ........................................................................ 29

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ............................................................................ 28, 29

*Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646 (9th Cir. 1988) ................................................................................. 14

*Moon v. Cty. of Orange*,
    No. 19-258, 2020 WL 2332164 (C.D. Cal. Mar. 18, 2020) .................................... 29

*Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cty.*,
    9 Cal. 5th 279, 304, 462 P.3d 461 (2020).............................................................. 24

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ................................................................................. 14

*Otto v. Abbott Lab'ys, Inc.*,
    No. 12-01411, 2015 WL 12776591 (C.D. Cal. Jan. 28, 2015) ............................... 28

*Price v. Synapse Grp., Inc.*,
    No. 16-01524, 2017 WL 3131700 (S.D. Cal. July 24, 2017)................................. 23

*Progressive West Ins. Co. v. Superior Court*,
    135 Cal. App. 4th 263 (2005)................................................................................. 24

*Rasmussen v. Apple Inc.*,
    27 F. Supp. 3d 1027 (N.D. Cal. 2014).................................................................... 29

*Rojas-Lozano v. Google, Inc.*,
    159 F. Supp. 3d 1101 (N.D. Cal. 2016).................................................................. 19

*Semegen v. Weidner*,
    780 F.2d 727 (9th Cir. 1985) ................................................................................. 25

*Smith v. Metro. Prop. & Liab. Ins. Co.*,
    629 F.2d 757 (2d Cir. 1980) ................................................................................... 27

125646516

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

*Steveson v. United Subcontractors, Inc.*,
    365 F. App'x 752 (9th Cir. 2009)................................................................16

*Stokes v. CitiMortgage, Inc.*,
    No. 14-00278, 2015 WL 709201 (C.D. Cal. Jan. 16, 2015) ...................................15

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ..........................................................25, 26

*Tarakanov v. Lexington Ins. Co.*,
    441 F. Supp. 3d 887 (N.D. Cal. 2020).......................................................16

*Terteryan v. Med. Depot, Inc.*,
    No. 17-2358, 2017 WL 5665006 (C.D. Cal. May 18, 2017) ................................22

*Ticconi v. Blue Shield of California Life & Health Ins. Co.*,
    160 Cal. App. 4th 528 (2008).............................................................24

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010).........................................15, 27, 30

*Tomek v. Apple Inc.*,
    636 F. App'x 712 (9th Cir. 2016).........................................................26

*Von Grabe v. Sprint PCS*,
    312 F. Supp. 2d 1285 (S.D. Cal. 2003) ...................................................20

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)....................................................................28

*Ward General Ins. Services, Inc. v. Employers Fire Ins. Co.*,
    114 Cal.App.4th 548, 7 Cal.Rptr.3d 844 (2003) ........................................19

*In re Webkinz Antitrust Litig.*,
    695 F. Supp. 2d 987 (N.D. Cal. 2010)....................................................25

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*,
    571 F.3d 953 (9th Cir. 2009) .............................................................28

*Won Kyung Hwang v. Ohso Clean, Inc.*,
    No. 12-06355, 2013 WL 1632697 (N.D.Cal. Apr. 16, 2013) ...............................20

*Yanting Zhang v. Superior Court*,
    57 Cal. 4th 364 (2013)..................................................................24

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

**Statutes**

Cal. Business & Professions Code §17200 *et seq* ....................................................*passim*

Cal. Civ. Code § 1760 ........................................................................................................ 19

Cal. Civ. Code § 1761(a) .................................................................................................... 19

Cal. Civ. Code § 1761(b) .................................................................................................... 19

Cal. Civ. Code § 1770 .................................................................................................*passim*

Cal. Civ. Code § 1782(a)(1) ............................................................................................... 21

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................................. 15, 28, 29

Fed. R. Civ. P. 9(b) ........................................................................................ 21, 22, 24, 25, 26

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 13, 14

Fed. R. Civ. P. 12(f) ..................................................................................................... 14, 15

125646516

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

## I.     INTRODUCTION

In this putative class action, Plaintiff James Falls ("Plaintiff") asserts on behalf of himself and on behalf of the putative class that defendants Soulbound Studios, LLC and Soulbound Studios USA (collectively the "SBS Parties"), and defendant Xsolla (USA), Inc. ("Xsolla") failed to refund downloadable content related to a role-playing video game called Chronicles of Elyria ("CoE") that the SBS Parties are in the process of developing.

However, as Plaintiff alleges that Xsolla's sole role in these transactions was to facilitate payments for purchases of CoE by customers of the SBS Parties, Plaintiff has no basis to assert the four causes of action for breach of contract, violation of the Consumers Legal Remedies Act ("CLRA"), violation of the Unfair Competition Law of the Cal. Business & Professions Code §§17200 *et seq* ("UCL"), and declaratory relief against Xsolla.

Each of these claims should be dismissed.  First, the breach of contract claim fails because the contract at issue discloses the risk that the SBS Parties may not develop CoE within the time frame expected by Plaintiff and that, in any event, the SBS Parties, not Xsolla, are solely responsible for refunds of purchases made if a game is not delivered.  In addition, Plaintiff fails to plead that Plaintiff complied with the contract's condition precedent, which required that refund requests be made within 180 days of purchase and that such requests must be made to Xsolla's customer support.  Second, the CLRA claim must be dismissed without leave to amend because the downloadable content at issue is not a "good" or "service" within the meaning of the CLRA.  Further, even if the CLRA covered the transaction at issue, Plaintiff failed to serve a compliant pre-litigation notice and fails to plead a claim under any of the CLRA sections cited in the Complaint.  Third, the UCL claim should be dismissed because Plaintiff does not plead a violation of the UCL under any of its three prongs.  The CLRA and UCL claims that sound in fraud also fail because Plaintiff does not plead any misrepresentation made by Xsolla and the contract at issue expressly states

125646516                                              9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

that Xsolla is not responsible for any of the SBS Parties' representations. Fourth, the declaratory judgment claim also should be dismissed because the form of relief sought is not a cause of action and, in any event, is redundant and extraneous.

In addition, the class proposed by Plaintiff should be stricken because it includes class members that requested refunds outside of the 180-day refund window stated in the Refund Policy and includes class members who are outside of the jurisdiction of this Court.

Accordingly, Xsolla's motion should be granted, the Complaint dismissed, and the proposed class stricken.

## II.    STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT

### A.    Relevant Background

The SBS Parties began developing CoE, a video game, in November 2016. (*Id.* ¶¶ 11, 13.) The SBS Parties describe CoE as a role-playing video game where the consumers experience a "unique and compelling quest system where personalized, procedurally-generated story arcs follow characters no matter where they go in the world". (*Id.* ¶ 11.)

Plaintiff alleges that Xsolla was the payment facilitator for payments directed from the SBS Parties' online store for the purchase of digital and physical goods related to CoE. (*Id.* ¶ 12.)

In or around July 2017, the SBS Parties released an announcement which advised of the SBS Parties' timeline, systems, and progress regarding CoE development. (*Id.* ¶ 16.) Within the update, the SBS Parties showcased a video with game play footage but did not disclaim that CoE had not been developed. (*Id.*)

The SBS Parties announced the launch date of CoE could be within a window of time from July 2019 to December 2019. (*Id.* ¶ 17.) Plaintiff alleges that CoE has not come to fruition and that the SBS Parties stopped production of CoE. (*Id.*)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE

#### 1.    The SBS Parties' Terms of Use and Refund Policy

Plaintiff alleges he purchased approximately $20,000 in downloadable content for CoE, but does not identify when he made the purchase. (*Id.* ¶ 18.) Plaintiff went to the CoE website run by the SBS Parties. (*Id.* ¶ 19.) Plaintiff was required to register for an account with CoE and, during registration, Plaintiff clicked and consented to the SBS Parties' Terms of Use (the "Terms of Use"). (*Id.*)

Plaintiff alleges that the CoE website took Plaintiff to Xsolla's website to facilitate payment of items. (*Id.* ¶ 20.) He further alleges that he accepted Xsolla's refund policy (the "Refund Policy"). (*Id.*) The Refund Policy provides that "We can accept and process the refund requests within 180 days after the purchase. No refund requests will be accepted after this period of time." (*Id.*, Ex. 1, ECF Page ID #:21.) The Refund Policy further states:

> When making your decision to purchase a pre-order of the video game, please be aware that the Software developer, and not Xsolla, is solely responsible to complete the development of the Software and to provide you with an operable version of the Software.
>
> Any announcements, statements, and promises made by the Software developer in regard to the Software, including but not limited to the contents, release date, accessibility of the Software, are the developer's sole responsibility to carry out. You should be aware of the possible risk that the Software developer may eventually fail to deliver the Software in good quality or in time or may otherwise be unable to satisfy your expectations. All claims and refund requests in such cases are to be filed to the Software developer directly.

(*Id.*, ECF Page ID #:23).

Plaintiff alleges that he requested a refund but has not received it. (*Id.* ¶ 22.) Plaintiff does not allege when he requested any refunds.

125646516
11
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

2.    The EULA

Plaintiff alleges that the SBS Parties are part "of the companies of the Xsolla Group regarding purchases of software as referenced in Xsolla's refund policy through an end-used license agreement (EULA)," and therefore "based on [the] SBS[ Parties'] refund policy wherein its 'third party' service provider allows for such refunds, Xsolla's refund policy is recognized by SBS, since the purchases were made through Xsolla." (*Id.* ¶ 21, RJN, Ex. 1.)   In other words, the End-User License Agreement ("EULA") is the contract under which Plaintiff asserts he is entitled to make a claim under Xsolla's 180-day refund policy, and the contract which creates contractual privity as between Plaintiff and the SBS Parties under the Xsolla Refund Policy.

As discussed in greater detail in the accompanying Motion to Compel Arbitration, by making a purchase through Xsolla, Plaintiff agreed to the terms of the EULA.

**B.    Plaintiff's Claims**

Plaintiff brings this action on behalf of himself and "[a]ll persons in the world who purchased downloadable content for Chronicles of Elyria from Soulbound Studios and Xsolla within the last four (4) years, requested a refund where no game content had been delivered, and did not receive a refund" (the "Proposed Class").  (*Id.* ¶ 24.)

Plaintiff asserts four causes of action on his own behalf and on behalf of the Proposed Class consisting of: (1) breach of contract; (2) violation of CLRA; (3) violation of the UCL; and (4) declaratory relief.

As discussed below, Plaintiff fails to state a claim under each of these causes of action and cannot maintain the Proposed Class as defined based on the facts alleged.

**III.    STANDARD OF REVIEW**

**A.    Rule 12(b)(6)**

Courts are required to dismiss a complaint when the allegations of the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE

complaint fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint "must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiffs, *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013), it should not accept mere "labels and conclusions," nor a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In addition to a plaintiff's allegations, the court may consider exhibits submitted with the complaint, documents referenced in the complaint and relevant matters subject to judicial notice. *See, e.g.*, *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). Furthermore, if a plaintiff fails to attach to the complaint documents upon which the complaint is based, the defendant may attach such documents to a Rule 12(b)(6) motion to show that they do not support the plaintiff's claim. *Lessard v. Trinity Protection Servs.*, 2010 WL 3069265 (E.D. Cal. Aug. 3, 2010) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119, 1127 (9th Cir. 2002)); *see also Grill v. BAC Home Loans Servicing LP*, 2011 WL 127891, at *2 (E.D. Cal. Jan. 13, 2011) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

### B.    Rule 12(f)

Fed. R. Civ. P 12(f) allows a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

P. 12(f).  A court may properly strike class allegations on a pre-answer motion to strike where a complaint demonstrates that a class action cannot be maintained on the facts alleged. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the [putative class members] are fairly encompassed within the named plaintiff's claim . . . ."); *see also Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."); *In re Land Rover LR3 Tire Wear Prod. Liab. Litig.*, 2012 WL 5473736, at *2 (C.D. Cal. Oct. 24, 2012) ("The Court may strike class allegations if 'the complaint demonstrates that a class action cannot be maintained' because the class is unascertainable, or because the plaintiff cannot satisfy the requirements of Rules 23(a) and (b) of the Federal Rules of Civil Procedure."); *Stokes v. CitiMortgage, Inc.*, No. 14-00278, 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) ("It is thus appropriate to strike class allegations prior to discovery where the allegations make it obvious that classwide relief is not available.").  Ultimately, "whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12-00846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012).

## IV.    ARGUMENT

### A.    The Complaint Should Be Dismissed

#### 1.    Plaintiff Fails To Allege The Elements Of A Breach Of Contract Claim In His First Cause Of Action

##### a.    *Plaintiff Fails To Allege Breach Of Any Contractual Duty Owed By Xsolla*

"A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the

125646516

14

breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008) (citations omitted). "Each element must be pled with specificity, including the contract's terms." *Gardner v. RSM & A Foreclosure Servs., LLC*, No. 12- 2666, 2013 WL 1129392, at *3 (E.D. Cal. Mar. 18, 2013). "Where contractual liability depends upon the satisfaction or performance of one or more conditions precedent, the allegation of such satisfaction or performance is an essential part of the cause of action." *Carreau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1389 (Cal. Ct. App. 1990) (citation omitted). "This requirement may also be satisfied by pleading that the conditions have been waived or excused." *Ins. Co. of the W. v. JPMorgan Chase Bank*, No. 08-1492, 2008 WL 11508652, at *2 (S.D. Cal. Oct. 28, 2008).

Plaintiff alleges that he entered a written contract with the SBS Parties and Xsolla by which the "***SBS*** [Parties] would refund Plaintiff … for downloadable content, upon request, when game content has not been delivered." (Compl. ¶ 32) (emphasis added). Though he admits the refund was to come from the SBS [Parties], Plaintiff claims that *both* the SBS Parties *and* Xsolla breached the Refund Policy "contract" by failing to refund Plaintiff after he requested a refund. (*Id.* ¶ 33.)

As a threshold issue, Plaintiff does not allege any plausible breach by Xsolla of the Refund Policy because the Refund Policy clearly states that: "You should be aware of the possible risk that the Software developer may eventually fail to deliver the Software in good quality or in time or may otherwise be unable to satisfy your expectations. All claims and refund requests in such cases are to be filed to the Software developer directly." (*Id.*, Ex. 1.) By its plain terms, the SBS Parties were responsible for the refund, not Xsolla. (*Id.*) Therefore, Xsolla did not breach the Refund Policy. Plaintiff's breach of contract claim should be dismissed without leave to amend. *See Steveson v. United Subcontractors, Inc.*, 365 F. App'x 752, 754 (9th Cir. 2009) (breach of contract claim properly dismissed where plain language of contract showed that there was no breach); *Tarakanov v. Lexington Ins. Co.*, 441 F.

125646516

15

Supp. 3d 887, 901 (N.D. Cal. 2020) (denying breach of contract claim where "plaintiffs do not plausibly state a claim for breach of contract").

> **b.** *Plaintiff Fails To Allege That He Performed Under The Contract At Issue*

Even to the extent that the Refund Policy can be read to impose any obligation on Xsolla to refund a pre-order, Plaintiff fails to sufficiently plead that he complied with the conditions precedent in the Refund Policy or that the conditions were waived or excused. The Refund Policy clearly provides that refund requests must be made within 180 days after purchase and states: "We can accept and process the refund requests within 180 days after the purchase. No refund requests will be accepted after this period of time." (Compl, Ex. 1.) The Refund Policy also states that for refunds relating to "Pre-orders where no content has been delivered yet," customers may "contact [Xsolla's] Customer Support at https://help.xsolla.com/ with [their] payment ID up to the day of game release." (*Id.*) Based on the plain and unambiguous language of the Refund Policy, Plaintiff was required to make a refund request to Xsolla's Customer Support team within 180 days of his purchase. *See Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1043 (9th Cir. 2020) ("[c]onditions precedent must be expressed in plain, clear, and unambiguous language, but parties need not invoke any required magical incantation.") (quotation marks and citation omitted).

Plaintiff, however, fails to plead that Plaintiff sought a refund within 180 days of his purchase, as required by the Refund Policy, or that he requested a refund pursuant to the pre-order mechanism in the Refund Policy. (*See* Compl.) Rather, the only pertinent dates identified in the Complaint are: (1) the date the SBS Parties began development of CoE (November 2016); (2) the date of an announcement by the SBS Parties regarding the progress of CoE's development (July 2017); and (3) the SBS Parties' launch date window (July 2019 to December 2019). (*Id.* ¶ 17.) Plaintiff does not identify the date that he purchased CoE content, the date he requested a refund, or

125646516

16

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

how he requested a refund. (*Id.* ¶ 22.) Accordingly, the breach of contract claim fails because Plaintiff did not plead that he performed in accordance with these material terms of the Refund Policy. *See Bugarin v. All Nippon Airways Co.*, No. 20-03341, 2021 WL 175940, at *11 (N.D. Cal. Jan. 19, 2021); *see also Herrera v. Wells Fargo Bank, N.A.*, No. 18-332, 2020 WL 5802421, at *7 (C.D. Cal. Sept. 1, 2020).

In *Bugarin*, the plaintiff sought a refund from an airline but ignored the language in the contract that a customer must provide satisfactory evidence to the airline that she is entitled to a refund. 2021 WL 175940, at *11. Accordingly, the court dismissed the breach of contract claim for failure to state a claim. *Id.* Similarly, in *Herrera*, the court deemed that written refund requests were a condition precedent to refund certain fees collected by the defendant. 2020 WL 5802421, at *7. Because the plaintiffs did not plead that they had submitted such written requests or that their performance of this condition precedent was excused, the court dismissed their breach of contract claims. *Id.* (dismissing breach of contract claims where "Plaintiffs did not strictly comply with the written refund request requirements" and why failure to plead such compliance was excused). A plaintiff cannot state a breach of contract claim without establishing compliance with the explicit requirements of the contract.

Plaintiff's conclusory statement that he "has performed all covenants and conditions required under the contract or ha[s] been excused from doing so due to the contract's breach" is insufficient. (*Id.* ¶ 34.) This one-sentence boilerplate allegation does not establish that Plaintiff complied with the requirements of the Refund Policy or provide any detail as to why Plaintiff was supposedly excused from complying with the Refund Policy's requirement that refund requests be submitted within 180 days of purchase.

Accordingly, Plaintiff's breach of contract claim should be dismissed entirely or, at a minimum, dismissed as to Xsolla.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

2. <u>Plaintiff Has Not Established The Required Elements To State A Claim for Violation Of The CLRA In His Second Cause of Action</u>

a. *CLRA Does Not Apply to Software*

The CLRA was enacted "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760.

As an initial matter, the CLRA does not cover transactions relating to the sale or lease of software. *See Ferrington v. McAfee, Inc.*, No. 10-01455, 2010 WL 3910169, at *14 (N.D. Cal. Oct. 5, 2010) (dismissing CLRA claims related to antivirus software). The CLRA covers "goods," which Cal. Civ. Code § 1761(a) defines as "tangible chattels bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods, and including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real property, whether or not they are severable from the real property." Software is not considered a tangible chattel. *See Ward General Ins. Services, Inc. v. Employers Fire Ins. Co.*, 114 Cal. App. 4th 548, 556, 7 Cal.Rptr.3d 844 (2003). Software also is not a service for purposes of the CLRA. *See* Cal. Civ. Code § 1761(b) (defining service as "work, labor, and services ..., including services furnished in connection with the sale or repair of goods").

Plaintiff admits that he "purchased downloadable content." (Compl. ¶¶ 28, 32-33.) He does not claim that he purchased a physical disc copy of software, let alone that the software license he bought is a tangible chattel or service covered by the CLRA. Accordingly, CLRA does not encompass the transactions in the Complaint. *See Ferrington*, 2010 WL 3910169, at *14; *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1116 (N.D. Cal. 2016) (dismissing CLRA claim because there is "considerable support" for conclusion that software is not good or service for purposes of CLRA).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

> **b.    Plaintiff Failed to Comply with the CLRA's Pre-Filing Notice Requirement**

Even if CLRA were to apply, at least 30 days before filing suit under the CLRA, the plaintiff must give the potential defendant notice of the "of the particular alleged violations of Section 1770" of the Civil Code and demand that it "correct, repair, replace or otherwise rectify" the prohibited practices "alleged to be in violation of Section 1770." Civ. Code. § 1782(a). Where a plaintiff fails to give the required notice, a claim for damages under the CLRA should be dismissed without leave to amend. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005) (dismissing CLRA damages claim with prejudice for failing to comply with notice requirements). A plaintiff must allege in the complaint that proper notice was given. *See Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285 (S.D. Cal. 2003). If a plaintiff files an action without first sending the required notice, the claim can be dismissed. This defect cannot be cured by amendment. *Id.* at 1304. As the court observed in *Cattie*, "failure to give notice before seeking damages necessitates dismissal with prejudice, even if a plaintiff later gives notice and amends." *Cattie*, 504 F. Supp. 2d at 949-50.

Here, Plaintiff alleges that on August 27, 2020, prior to the filing of the Complaint, he served a notice, as required by the CLRA, on Defendants via certified mail, return receipt requested and attaches a copy of the letters as Exhibit 2 to the Complaint (the "Purported CLRA Notice"). (Compl. ¶ 42; RJN, Ex. 2.)[1] The Purported CLRA Notice, however, was deficient because it did not explain Xsolla's

---

[1]    The Complaint states that a copy of the "CLRA letters" are attached as Exhibit 2, but fails to attach those letters. (Compl. ¶ 42.) Accordingly, the letters are incorporated by reference into the Complaint. *See Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1318 (C.D. Cal. 2013) (considering pre-notice letter sent pursuant to the CLRA "because it is incorporated into the complaint by reference"); *Won Kyung Hwang v. Ohso Clean, Inc.*, No. 12-06355, 2013 WL 1632697, at *2 n.2 (N.D. Cal. Apr. 16, 2013) (considering a CLRA notice letter incorporated into the complaint by reference).

125646516
19

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

role in the alleged breach of contract, negligent misrepresentation, fraud, how Mr. Falls believes Xsolla violated Business and Professions Code § 17200 *et seq.*, and did not identify "the particular … violations of Section 1770" that Xsolla purportedly violated as required by California Civil Code § 1782(a)(1). (*Id.*) Xsolla responded to the Purported CLRA Notice by letter, dated September 15, 2020 (the "Response Letter"). (RJN, Ex. 2.) The Response Letter noted the deficiencies in the Purported CLRA Notice and requested that Plaintiff "identify, specifically, the particular alleged violations of Civil Code section 1770, as is required." (*Id.*) Plaintiff did not respond to the Response Letter. (Brown Decl. ¶ 2.) Accordingly, because Plaintiff did not serve a pre-suit letter in compliance with the CLRA requirements, the second cause of action should be dismissed without leave to amend. (RJN, Ex. 2); *Cattie*, 504 F. Supp. 2d at 950.

> c.    *Plaintiff Does Not Properly Plead a Fraud-Based CLRA Claim or the 1770(a)(10) and (a)(17) Subsections*

In addition, a plaintiff asserting a CLRA claim based on a misrepresentation, such as under Section 1770(a)(5), must also satisfy Rule 9(b)'s particularity requirement. *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009). Here, Plaintiff's CLRA claims sound in fraud because he alleges that Defendants made misrepresentations in relation to CoE and related refunds. (Compl. ¶ 38.) Plaintiff, however, fails to allege particular facts about representations by Xsolla on which he relied. Indeed, the Complaint only pleads that Plaintiff relied on the **SBS Parties'** representations. *See* Compl. ¶ 16 ("In or around July 2017, **SBS** released a detailed announcement which advised of SBS's timeline, its systems, and it progress regarding CoE development"), ¶ 17 ("**SBS** announced the launch date of CoE could be within a window of time from July 2019 to December 2019 … In fact, in March 2020, Jeremy Walsh, CEO of **SBS**, announced that **SBS** had stopped production of CoE") (emphasis added). As to Xsolla, Plaintiff only pleads that Xsolla is a payment facilitator, but does not allege *any* misrepresentations that Xsolla allegedly made.

125646516

20

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

(*See* Compl. ¶¶ 6, 12, 20.)  In any event, the terms of the Refund Policy expressly disclaim that Plaintiff could impute any of the SBS Parties' representations onto Xsolla.  (Compl., Ex. 1) ("Any announcements, statements, and promises made by the Software developer in regard to the Software … are the developer's sole responsibility to carry out.").  For this additional reason, Plaintiff fails to state a claim against Xsolla under the CLRA.  *See Haskins v. Symantec Corp.*, 654 F. App'x 338, 339 (9th Cir. 2016) (district court properly dismissed CLRA claims where plaintiff's "complaint did not allege that she read and relied on a specific misrepresentation by [defendant], she failed to plead her fraud claims with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure"); *see also Terteryan v. Med. Depot, Inc.*, No. 17-2358, 2017 WL 5665006, at *2 (C.D. Cal. May 18, 2017) (dismissing CLRA claim where plaintiff failed to allege "with particularity who made the misrepresentations, why they are fraudulent, how Plaintiffs learned of or were exposed to these alleged misrepresentations, and whether Plaintiffs actually relied on the misrepresentations"); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1011 (N.D. Cal. 2014) (dismissing CLRA claims where complaint did not "provide sufficient information regarding the manner in which [defendant's] statements were allegedly false or misleading to give [defendant] notice of what it is charged with doing wrong").

Further, as to Plaintiff's claim that Xsolla violated Section 1770(a)(10), which prohibits "[a]dvertising goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity," Compl. ¶ 39, Plaintiff does not claim that Xsolla advertised any goods or services.  To the extent that he seeks to impute the SBS Parties' advertisements onto Xsolla, once again, the Refund Policy expressly provides that Xsolla is not responsible for any "announcements, statements, and promises made by" the SBS Parties in regard to CoE.  (Compl., Ex. 1.)  Thus, Plaintiff cannot state a claim under Cal. Civ. § 1770(a)(10); *Colgate v. JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1192 (N.D. Cal. 2018) (dismissing CLRA false advertisement claims where "plaintiffs have not

125646516

21

specifically identified what advertisements they saw and what statements in the advertisements were allegedly false, misleading, or unfair").

In addition, with respect to Plaintiff's allegation that Xsolla violated Section 1770(a)(17)'s prohibition against "[r]epresenting that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction," Compl. ¶ 40, this section is inapplicable to the conduct at issue. The plain language of the statute applies to a "rebate, discount, or other economic benefit" that is contingent on a future action. Cal. Civ. Code § 1770(a)(17). Plaintiff does not plead that Xsolla offered him a discount that was contingent upon a future action. Instead, Plaintiff seeks a refund of the entire purchase price of the downloadable content. (Compl. ¶ 22.) Accordingly, Plaintiff does not state a claim under this section of the CLRA. *See Price v. Synapse Grp., Inc.,* No. 16-01524, 2017 WL 3131700, at *9 (S.D. Cal. July 24, 2017) (dismissing Section 1770(a)(17) claim where "Plaintiffs have not alleged a subsequent event on which the initial discount was contingent").

Thus, because CLRA does not apply to the transaction at issue and, if it did apply, Plaintiff has not complied with the pre-suit requirements and fails to plead a cause of action under any of the sections of the CLRA that he claims Xsolla violated, his second cause of action should be dismissed without leave to amend.

        3.    <u>The Third Cause of Action for Violation of the UCL Should Be Dismissed for Failure to State a Claim</u>

The UCL prohibits "unfair competition," which is broadly defined to include "three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs. *See Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Plaintiff does not sufficiently plead any of the prongs of the UCL.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

a.    *Plaintiff Fails to State a Claim Under the "Unfair" Prong*

Plaintiff fails to state a claim under the "unfair" prong of the UCL.  While there is no settled standard to determine whether a business practice is "unfair" in consumer actions, Plaintiff does not plead how Xsolla's practices are unfair in any way under any of the possible standards.  *See Yanting Zhang v. Superior Court*, 57 Cal. 4th 364, 380 at n.9 (2013).[2]

Indeed, Plaintiff does not allege any unfair conduct by Xsolla in his Complaint. Rather Plaintiff conclusorily alleges that Defendants' conduct "constitutes unfair … business practices" within the meaning of the UCL.  (Compl. ¶ 45.)  However, Plaintiff has plead and, thus, admitted that Xsolla's only role is as a payment facilitator and does not explain how the Refund Policy is unfair to consumers.

b.    *Plaintiff Fails to State a Claim Under the Fraudulent Prong*

Fraud-based claims, such as Plaintiff's claim under the UCL, are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b).  A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give

---

[2]    In *Yanting Zhang*, the California Supreme Court noted, but did not resolve, the unsettled state of the law, citing four different possible standards. *Id.* (citing *Aleksick v. 7–Eleven, Inc.*, 205 Cal. App. 4th 1176, 1192 (2012) (public policy that is predicate for action must be tethered to specific constitutional, statutory or regulatory provisions); *Ticconi v. Blue Shield of California Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 539 (2008) (applying balancing test, but also examining whether practice offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers); *Camacho v. Automobile Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006) (consumer injury must be substantial, and neither outweighed by countervailing benefits nor avoidable by consumers); *Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 285 (2005) (impact of the act or practice on victim is balanced against reasons, justifications and motives of the alleged wrongdoer)); *see also Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cty.*, 9 Cal. 5th 279, 304, 462 P.3d 461, 472 (2020) (noting split of authority set forth in *Zhang* but stating that split did not need to be addressed in case at issue).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE

defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). The allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106 (citation omitted).

Thus, Plaintiff is required to provide particularized information regarding Xsolla's alleged fraud. However, Plaintiff impermissibly lumped Xsolla and the two SBS Parties together instead of differentiating the allegations to inform each separately of the allegations of their respective fraudulent statement. *See Swartz,* 476 F.3d at 764 (affirming dismissal of fraud claims where "complaint patently fail to comply with Rule 9(b). The complaint is shot through with general allegations that the 'defendants' engaged in fraudulent conduct but attributes specific misconduct only to" two of the defendants).

Plaintiff claims that "Defendants'" conduct constituted a fraudulent business practice. (Compl. ¶ 45.) Although the Complaint contains specific allegations regarding the SBS Parties, Plaintiff does not allege *any* fraudulent misrepresentation made by Xsolla. (*See* Compl.) Indeed, as stated in the Refund Policy, all representations regarding the delivery of CoE were born by the SBS Parties. (*Id.*, Ex. 1 p. 4-5, Representations and Warranties) ("Any announcements, statements, and promises made by the Software developer in regard to the Software, including but not limited to the contents, release date, accessibility of the Software, are the developer's sole responsibility to carry out"). Instead, the only allegations as to Xsolla sound in contract and are not a basis for a fraud-based UCL claim. (Compl. ¶ 47) ("Defendants' represented that they would refund Plaintiff's money for downloadable content that Plaintiff … purchased related to CoE"); *see In re Webkinz Antitrust Litig.*,

125646516

24

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

695 F. Supp. 2d 987, 999 (N.D. Cal. 2010) (dismissing UCL claims where allegations "fundamentally sound in contract").

Accordingly, Plaintiff's claim under the fraudulent prong of the UCL fails and should be dismissed. *See Swartz*, 476 F.3d at 764; *Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th Cir. 2016) (affirming dismissal of UCL claim where plaintiff made only conclusory allegations of defendant's fraud).

                *c.*      *Plaintiff Fails to Allege an Underlying Violation for an "Unlawful" Prong Claim*

To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of another law. Where a plaintiff cannot state a claim under the "borrowed" law, he cannot state a UCL claim either. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017) (""If a plaintiff cannot state a claim under the predicate law, however, [the UCL] claim also fails."). Accordingly, although Plaintiff does not specify what underlying law is violated, the only possibility, as plead in the Complaint, is that Plaintiff's "unlawful" business practice claim is premised on the CLRA. However, because CLRA does not apply to software, Plaintiff fails to plead his CLRA claims with particularity, and he did not comply with the CLRA's notice requirements, Plaintiff's UCL claims must be dismissed to the extent they are premised on the CLRA. *Id.* (dismissing UCL claims based on unlawful prong); *see also Eidmann v. Walgreen Co.*, No. 20-04805, 2021 WL 764121, at *8 (N.D. Cal. Feb. 26, 2021) ("Because [plaintiff] failed to allege violations of the FAL, CLRA, and UCL pursuant to Rule 9(b), he is precluded from utilizing these violations as predicate acts under the unlawful prong of the UCL").

                4.     <u>The Fourth Cause of Action for Declaratory Judgment Should Be Dismissed As Duplicative</u>

Plaintiff's fourth cause of action seeks a declaratory judgment that "defines the respective rights and duties of Plaintiff …, on the one hand, and Defendants on the other, under the contract." (Compl. ¶¶ 50-52.)

125646516

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

However, declaratory relief is not an independent cause of action, but instead, a form of equitable relief. *See Esso Standard Oil Co. v. Zayas*, 352 F. Supp. 2d 165 (D. Puerto Rico 2005), *aff'd* 445 F.3d 13 (1st Cir. 2006). "[T]he district court may in its discretion refuse declaratory relief if the alternative remedy is more appropriate." *Smith v. Metro. Prop. & Liab. Ins. Co.*, 629 F.2d 757, 759 (2d Cir. 1980). More specifically, where a plaintiff's claim has already ripened into a cause of action and the declaratory relief action would not fully and completely adjudicate the issue presented, the declaratory relief action should be dismissed. *See Cruz v. Select Portfolio Servicing, Inc.*, 2019 WL 2299857, at *7 (N.D. Cal. 2019) (dismissing declaratory judgment cause of action as seeking to correct past harms that were "already subsumed by another cause of action and need not be something the Court must address again as part of declaratory relief"); *Garavito v. JPMorgan Chase Bank N.A.*, 2013 WL 12130017, at *9 (C.D. Cal. 2013) (separate cause of action for declaratory relief not necessary where there are other forms of relief available).

In this case, Plaintiff's declaratory relief claim to determine the "rights and duties" of the parties would not fully adjudicate the issues and, in any case, is duplicative of her other claims. Those other claims fully adjudicate the issues between the parties. Thus, this Court should exercise its discretion and dismiss without prejudice Plaintiff's declaratory relief action.

**B.      The Court Should Strike The Class Allegations Because Of Overbreadth And Lack of Personal Jurisdiction**

1.      The Proposed Class Is Overbroad

It is clear from the face of the Complaint that Plaintiff's class allegations cannot be maintained and should be stricken. When a class is overbroad and includes persons not entitled to relief, it is proper to strike class allegations. *See Tietsworth*, 720 F. Supp. 2d at 1146-47 (granting motion to strike class allegations where proposed class included purchasers who had not suffered injury); *Hovsepian v. Apple Inc.*, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (granting motion to strike class allegations

where proposed class included purchasers of computers that did not have defective display screens).  As this Court has explained:

> Courts cannot certify overbroad classes.  Overbreadth is a flexile problem. Sometimes it undermines ascertainability.  Sometimes courts analyze it under a typicality lens.  In other instances, it is best addressed as a commonality or predominance issue.  Regardless, courts agree that a proposed class that would include a substantial number of people who have no claim under the theory advanced by the named plaintiff is overbroad, and, therefore, should not be certified.

*Otto v. Abbott Lab'ys, Inc.*, No. 12-01411, 2015 WL 12776591, at *2 (C.D. Cal. Jan. 28, 2015) (Wilson, J.) (internal quotes and citations omitted).

a.   *Common Issues Of Fact Do Not Predominate Over The Proposed Class*

Fed. R. Civ. P. 23(a)(2) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if … there are questions of law or fact common to the class."  To satisfy Rule 23(a)(2)'s "common question of law or fact" requirement, the plaintiff's claims must "depend upon a common contention" that is "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Fed. R. Civ. P. 23(b)(3) also requires that there be "questions of law or fact common to class members [that] predominate over any questions affecting only individual members."  "The predominance inquiry of Rule 23(b)(3) asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2009) (reversing class certification for lack of predominance).  The Ninth Circuit has held that "[N]o class may be certified that contains members lacking Article III standing" and that such standing requires that each plaintiff suffered an injury in fact.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012); *see also In re Hain Celestial Seasonings Prod. Consumer*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

*Litig.*, No. 13-1757, 2015 WL 12001273, at *7 (C.D. Cal. Sept. 23, 2015) (striking overbroad class where there is lack of cohesion among class members).

As noted above, the Proposed Class includes "[a]ll persons in the world who purchased downloadable content for Chronicles of Elyria from Soulbound Studios and Xsolla within the last four (4) years, requested a refund where no game content had been delivered, and did not receive a refund." (Compl. ¶ 24.) Even taking all of Plaintiff's generalized and conclusory allegations as true, this Proposed Class would encompass many persons who could not possibly have suffered any injury—namely, those who did not make a refund request within 180 days of purchase of CoE-related content, as is a condition precedent under the Refund Policy, or those who made a refund request for a reason excluded under the Refund Policy. (Compl., Ex. 1.) Accordingly, the Proposed Class is facially overbroad and does not meet the commonality and predominance requirements of Fed. R. Civ. 23(a)(2) and 23(b)(3). *See Moon v. Cty. of Orange*, No. 19-258, 2020 WL 2332164, at *8 (C.D. Cal. Mar. 18, 2020) (striking class allegations because proposed class "includes members that lack standing … this defect is plain from the pleadings") (citing *Mazza*, 666 F.3d at 594 (9th Cir. 2012)); *see also Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1045 (N.D. Cal. 2014) (striking class definition as overbroad "as it includes within the class individuals who have not experienced any issue or defect").

b.     *The Proposed Class Is Not Ascertainable*

In addition, for a class to be certified, the class must be adequately defined and ascertainable by reasonable means. *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 455 (S.D. Cal. May 12, 2014); *see also Martin v. Pac. Parking Sys. Inc.*, 583 Fed.Appx. 803, 804 (9th Cir. 2014). "There are three concerns in determining whether ascertainability is satisfied: (1) whether the class action can be ascertained by reference to objective criteria; (2) whether the class includes members who are not entitled to recovery; and (3) whether the putative named plaintiff can show that he will

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

be able to locate absent class members once a class is certified." *Brooks v. Darling Int'l, Inc.*, No. 14-01128, 2017 WL 1198542, at *6 (E.D. Cal. Mar. 31, 2017).

Furthermore, class actions "must be structured so as to conform in the essential respects to the judicial process." *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 464 (9th Cir. 1973). Accordingly, they cannot be brought on behalf of "those who have suffered no harm at the hands of them against whom they complain," and thus have no standing to sue. *Id.*; *see also Gonzales v. Comcast Corp.*, No. 10-01010, 2012 WL 10621, at *20 (E.D. Cal. Jan. 3, 2012) *report and recommendation adopted*, 2012 WL 217708 (E.D. Cal. Jan. 23, 2012) (finding class unascertainable where it included individuals who were not injured by alleged conduct). In reliance on this principle, courts of this District have stricken class allegations where the proposed class is so broad as to include persons who have not suffered any injury. *See Tietsworth*, 720 F. Supp. 2d at 1146-47; *Hovsepian v. Apple Inc.*, 2009 WL 5069144, at *6.

As discussed above, the Proposed Class includes thousands of members who could not possibly have suffered any injury because they did not make a refund request within 180 days of purchase of CoE related content, which is a condition precedent under the Refund Policy, or those who requested refunds for reasons explicitly excluded under the Refund Policy. (Compl., Ex. 1.) These unascertainable class allegations, which include persons who have suffered no injury, are impermissible and should be stricken. *See Kas v. Mercedes-Benz USA, LLC,* No. 11-1032, 2011 WL 13238744, at *4 (C.D. Cal. Aug. 23, 2011) (granting motion to strike for lack of ascertainability where "putative class definitions are overbroad … [and] Plaintiff's conclusory allegation that class members "have not received the value for which they bargained" is insufficient to confer standing on all members of the putative class"); *Tietsworth*, 720 F. Supp. 2d at 1146-47; *Hovsepian v. Apple Inc.*, 2009 WL 5069144, at *6; *see also Colapinto v. Esquire Deposition Serv.*, 2011 WL 913251 at *4-5 (C.D. Cal. Mar. 8, 2011) (holding proposed class that included all California

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

residents who paid for defendant's transcription services was unascertainable because it included purchasers who were unharmed).

### 2. The Court Lacks Jurisdiction Over Plaintiffs Outside of the United States

There also is no basis for Plaintiff to assert a worldwide class because this Court does not have jurisdiction over such plaintiffs under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017).

In *Bristol-Myers*, the Court held that due process did not allow the court to exercise specific personal jurisdiction in California over nonresident consumer claims. The Court noted that the California State Supreme Court improperly "found that specific jurisdiction was present without identifying any adequate link between the State and the nonresidents' claims. As noted, the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1781.

In this action, the concerns exist because Plaintiff does not allege any link between California and non-resident plaintiff's claims. (*See* Compl.) In such a case, Plaintiff's Proposed Class should be limited to United States residents.[3] *See Carpenter v. Petsmart*, 441 F. Supp. 3d 1028 (S.D. Cal. 2020) (applying *Bristol-Myers* to a class action involving claims under the Magnuson-Moss Warranty Act and common law claims for fraud, breach of warranty, and unjust enrichment, and finding it lacked personal jurisdiction over the out-of-state class members' claims); *Goldstein*

---

[3] Xsolla reserves the right to argue in opposition to a motion for class certification, on summary judgment, or otherwise, that non-California residents may not proceed with the UCL and CLRA claims and that a class should not be certified on those causes of action for lack of commonality and predominance.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

*v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1012-13 (S.D. Cal. 2020) (agreeing "with the cases finding that Bristol-Myers applies to named plaintiffs in class actions for federal courts sitting in diversity … [because] [t]he federalism concerns that animated the majority's opinion in Bristol-Myers Squibb are equally relevant here and necessitate dismissal for lack of subject matter jurisdiction.").

Accordingly, the Court should strike all claims asserted by non-resident Plaintiffs. *Id.*

## V.   CONCLUSION

For the foregoing reasons, Xsolla's motion to dismiss and to strike should be granted in its entirety and Plaintiff denied leave to amend.

DATED:  April 9, 2021                    BLANK ROME LLP


By: /s/ Harrison Brown
        Dennis M.P. Ehling
        Cheryl S. Chang
        Harrison Brown
Attorneys for Defendant
XSOLLA (USA), INC.

125646516

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE