Evan Selik (SBN 251039)
Christine Zaouk (SBN 251355)
McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, California 90014
(213) 225-6150 / Fax (213) 225-6151
eselik@mcccathernlaw.com
czaouk@mccathernlaw.com

Attorneys for Plaintiff,
JAMES FALLS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FALLS, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOULBOUND STUDIOS, LLC; SOULBOUND STUDIOS (USA); XSOLLA (USA), Inc.; and DOES 1 through 50<br><br>Defendants. | CASE NO. 2:21-cv-00961-SVW-JPR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT, XSOLLA (USA), INC.'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS OF AUTHORITIES**<br><br>**[Filed concurrently with Declaration of James Falls and Objections to the Declaration of Dmitry Burkovskiy]**<br><br>Date: May 10, 2021<br>Time 1:30 p.m.<br>Dept.: Courtroom 9C |

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

i                    Opposition to Motion to Compel Arbitration

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

# TABLE OF CONTENTS

I.  INTRODUCTION ...........................................................................................1

II.  FACTUAL BACKGROUND ........................................................... 1-2

III.  LEGAL ARGUMENT ................................................................. 2-13

   A.  Xsolla Fails to Show Falls' Consent to Arbitration ......................... 2-5

   B.  Falls Never Agreed to the terms of the EULA, Neither Via Signature nor by Clicking a Box ……………………………………………5-7

   C.  The Arbitration Agreement is Unconscionable as it Improperly Limits the Remedies that Falls Can Seek But Does Not Limit Xsolla's Remedies that It May Seek ……………………………7-10

   D.  Plaintiff's Dispute Does Not Arise Out Of the EULA ……………. 10

   E.  Arbitrability Must be Determined by this Court ……………. 10-11

   F.  Xsolla's Arbitration Agreement is Silent as to Class Arbitration, and as such, the Putative Class Cannot be Compelled to Arbitration ……………………………………………… 11-13

IV.  CONCLUSION ……………………………………………..13

# TABLE OF AUTHORITIES

*Lamps Plus, Inc. v. Varela*

139 U.S. 1407, 203 (2019) …………………………………………..……… 2

9 U.S.C. §2; *Chamber of Com. of United States v. Becerra*

438 F.Supp.3d 1078 (E.D. Cal. 2020) …………………………………….... 2

*Granite Rock Co. v. Teamsters*

561 U.S. 287, 299 (2010) ………………………………………………….. 3

*Tabas v. MoviePass, Inc.*

401 F.Supp.3d 928, 935 (N.D. Cal. 2019) ………………………………… 3

*Rent-A-Center, West, Inc.*

561 U.S. 63, 68 (2010) …………………………………………………..…..3

*First Options of Chicago, Inc. v. Kaplan,*

514 U.S. 938, 944 (1995) ……………………………………………..…   3, 11

*Chiron Corp. v. Ortho Diagnostic Systems, Inc.*

 207 F.3d 1126, 1130 (9th Cir. 2000)………………………………………….. 3

*Lopez v. Terra's Kitchen, LLC*

331 F.Supp.3d 1092, 1097 (S.D. Cal. 2018) …………………………………… 3

*Three Valleys Mun. Water Dist. V. E.F. Hutton & Co., Inc.,*

925 F.2d 1136, 1141 (9th Cir. 1991) ……………………………………….… 3

*Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) …………..…… 4

*Espejo v. S. California Permanente Med. Grp.*

246 Cal.App.4th 1047, 1060 (2016) ………………………………………….. 4

*McAllister v. George*

73 Cal.App.3d 258, 262 (1977) ……………………………………………… 6

*Doctor's Associates, Inc. v. Casarott*

517 U.S. 681, 687 (1996) ………………………………………………….. 7

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Opposition to Motion to Compel Arbitration

*Penilla v. Westmont*

3 Cal.App.4th 205, 214 …………………………………………………………….. 7

*Poublon v. C.H. Robinson Co.,*

846 F.3d 1251, 1261 (9th Cir. 2017) citing *Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237, 1244 (2016) …………………………………………………………… 8

*Ingle v. Cir. City Stores, Inc.*

328 F.3d 1165 (9th Cir. 2003) …………………………………………………9

*Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*

622 F.3d 996, 1003 (9th Cir. 2010). ………………………………………… 9

*Smythe v. Uber Technologies*

24 Cal.App.5th 327, 332-333 (2018) …………………………………………10

*Perry v. Thomas*

482 U.S. 483, 492 (1987) …………………………………………………10

*Metters* v. *Ralph Grocery*

161 Cal.App.4th 696, 701 (2008) …………………………………………… 10

*S.A. v. AnimalFeeds Int'l Corp.*

559 U.S. 662, 681 (2010) citing *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 479 (1989) ………………………11

*EEOC v. Waffle House, Inc.,*

534 U.S. 279, 289 (2002) ………………………………………………….11

*Steelworkers v. Warrior & Gulf Nav., Co.*

363 U.S. 574, 581(1960) …………………………………………………11

**STATUES**

9 U.S.C. §2 …………………………………………………………………..2

42 U.S.C.A. §1981a ………………………………………………….. 7-9

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant, Soulbound Studios, LLC (hereinafter "SBS") is the company that began developing a video game called Chronicles of Elyria (hereinafter "CoE"). CoE purports to be a role-playing video game where the consumers experience a "unique and compelling quest system where personalized, procedurally-generated story arcs follow characters no matter where they go in the world". (Dkt. 1, ¶11).

Defendant, Xsolla was the payment processor SBS used for processing payments directed from SBS's online store for the purchase of digital and physical goods that would be able to be used in CoE. (Dkt. 1, ¶12).

Xsolla moves to compel arbitration pursuant to the arbitration provision found in the End User License Agreement (hereinafter "EULA") without any evidence connecting that arbitration provision to Plaintiff, James Falls (hereinafter "Falls"). There is no signature by Falls. There is no date on the EULA or arbitration provision contained therein. Falls' name is nowhere to be found. There is no proper basis to enforce such against Falls since there is no evidence of his consent to arbitrate.

### II.    FACTUAL BACKGROUND

SBS began development of CoE in November 2016. (Dkt. 1, ¶13). Falls purchased approximately $20,000 in downloadable content for CoE. To effectuate these purchases, Falls went to the CoE website run by SBS. Falls found what he wanted to purchase and was required to register for an account with CoE. During

registration, SBS placed a checkbox that Falls was required to check to agree to the terms. (Dkt. 1, ¶¶18, 19). This redirected Falls to Xsolla's refund policy attached as Exhibit 1 to the Complaint, not the EULA. The Xsolla refund policy were the terms Falls agreed to. (Dkt. 1, ¶¶19 – 21). There is nothing in Xsolla's refund policy that mentions anything about arbitration.

CoE has yet to be developed and, in fact, in March 2020, Jeremy Walsh, CEO of SBS, announced that SBS had stopped production of CoE. (Dkt. 1, ¶¶11, 17). Falls requested that his money be returned and Xsolla and SBS has failed to do so. (Dkt. 1, ¶33).

## III. LEGAL ARGUMENT

### A. Xsolla Fails to Show Falls' Consent to Arbitration

The Court must deny to enforce the presented arbitration agreement because there is no evidence that Falls consented to it. Under the Federal Arbitration Act ("FAA"), an ambiguous agreement cannot provide the necessary contractual basis for concluding that the parties agreed to submit to arbitration, let alone class arbitration. *Lamps Plus, Inc. v. Varela*, 139 U.S. 1407, 203 (2019). Consent is a tenet foundational to agreements covered by the FAA in this respect, the concept of consent and the equal-footing principle are entirely consistent. 9 U.S.C. §2; *Chamber of Com. of United States v. Becerra*, 438 F.Supp.3d 1078 (E.D. Cal. 2020). Arbitration is a matter of contract, and the FAA commands that arbitration agreements be treated like all other contracts. *Id.* Arbitration is strictly a matter of

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

consent.  *Granite Rock Co. v. Teamsters*, 561 U.S. 287, 299 (2010).  The FAA embodies the basic precept that arbitration is a matter of consent, not coercion. *Tabas v. MoviePass, Inc.,* 401 F.Supp.3d 928, 935 (N.D. Cal. 2019).  Courts are required to enforce arbitration agreements "according to their terms." *Rent-A-Center, West, Inc.*, 561 U.S. 63, 68 (2010).  Because an agreement to arbitrate is a matter of contract, courts "generally ... apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Importantly, courts are "limited to determining (1) whether a valid agreement to arbitrate exists, and, if it does, (2) whether a valid agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  "If there is a genuine dispute of material fact as to any of these queries, a district court should apply a 'standard similar to the summary judgment standard of [Federal Rule of Civil Procedure 56]'." *Lopez v. Terra's Kitchen, LLC*, 331 F.Supp.3d 1092, 1097 (S.D. Cal. 2018).  "The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise." *Three Valleys Mun. Water Dist. V. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141 (9th Cir. 1991).

Here, Xsolla submits an unauthenticated arbitration agreement as part of the

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

3          Opposition to Motion to Compel Arbitration

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

EULA.[1]  Yet there is no evidence that this is the actual terms and conditions that apply to Falls, and there is no evidence of his consent.[2]  There is no signature.  There is no date.  Falls' name is nowhere to be found on the document.  Xsolla fails to authenticate this document as applicable to Falls, or to any of its consumers.

To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.  Fed.R.Evid. 901(a).  Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a), (b)(1); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).  A defendant may meet its "initial burden to show an agreement to arbitrate" merely "by attaching a copy of the arbitration agreement purportedly bearing the opposing party's signature" to the motion to compel arbitration.  *Espejo v. S. California Permanente Med. Grp.*, 246 Cal.App.4th 1047, 1060 (2016).

Here, Xsolla fails to meet this initial burden by failing to authenticate the arbitration agreement both by failing to submit Falls' signature in a form and failing to authenticate the agreement.  The document Xsolla purports to be the arbitration agreement is unsigned, undated and not identified with any specific consumer.  There

---

[1] Exh. 1 to Burkovskiy Decl.

[2] See Plaintiff's Objections to Burkovskiy Decl.

is no admissible evidence to show Falls' consent. The Declaration of Mr. Burkovskiy does not establish that Mr. Burkovskiy was percipient to its execution, mode of preparation or storage. Mr. Burkovskiy has no requisite personal knowledge that the arbitration agreement applies to a non-signatory like Falls.

Additionally, Mr. Burkovskiy's Declaration is riddled with hearsay in an attempt to provide the Court a narrative of how the arbitration agreement *should* bind its consumers. For example, he testifies that "when customers navigated to the store page on the developer's website and proceed to check out, the customers were temporarily redirected to a page hosted by Xsolla…"[3] He is testifying about what consumers do on developer's websites before they are redirected to Xsolla's web page. It is hearsay under Fed.R.Evid. 801 because it is not possible for Mr. Burkovskiy to have personal knowledge of such events of what a consumer does before getting redirected to Xsolla's web page.[4]

The Court should deny the motion for lack of evidence showing Falls' consented to arbitration.

B.    <u>**Falls Never Agreed to the terms of the EULA, Neither Via Signature nor by Clicking a Box**</u>

As the Complaint alleges and Falls' testifies, Falls went to the CoE website run

---

[3] ¶2, lines 13-15 of Burkovskiy Decl.

[4] See Plaintiff's Objections to Burkovskiy Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

by SBS to look for things that he might want to purchase.[5]  Before he could purchase any items, he was required to register an account with CoE.  During registration SBS placed a checkbox that Falls was required to check to agree to SBS's terms.  *Id.*  The CoE site redirected Falls to Xsolla's website to process payment of the items.  When using Xsolla's checkout process, there was a small clickable link in the bottom right of the web page with the word "terms".  Falls clicked on the "terms" link and it showed Xsolla's refund policy, the same policy attached as Exhibit 1 to the Complaint and attached as Exhibit 1 to the Falls' Declaration.[6]  There is no arbitration agreement in Xsolla's refund policy.

The arbitration agreement that Xsolla attempts to bind Falls with is part of the EULA.  Falls did not sign (electronically or otherwise) the EULA, did not ever see the EULA and did not click anything wherein he provided consent to the EULA, including the arbitration agreement.[7]

Once a plaintiff "challenge[s] the validity of that signature in his opposition," a defendant is "then required to establish by a preponderance of the evidence that the signature [is] authentic."  *Id*.  Before a writing can be considered credible evidence, its genuineness (authenticity) must be established according to legal standards.  *McAllister v. George* 73 Cal.App.3d 258, 262 (1977).  Again, Xsolla does not

---

[5] ¶2 to Falls Decl.

[6] Exh. 1 and ¶¶2-3 to Falls Decl.

[7] ¶3 to Falls Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

provide signature of Falls (or any consumers for that matter) and without such consent or even authenticity of an arbitration agreement, the Court should not compel arbitration.

C.   **The Arbitration Agreement is Unconscionable as it Improperly Limits the Remedies that Falls Can Seek But Does Not Limit Xsolla's Remedies that It May Seek**

Falls also seeks judicial invalidation of the arbitration agreement on the grounds of unconscionability.  The final phrase of 9 U.S.C. §2 permits arbitration agreements to be declared unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract."  This saving clause permits agreements to arbitrate to be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability. . ."  *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 687 (1996).

With respect to procedural unconscionability, this is a contract of adhesion, a standardized contract, being imposed on Falls without any evidence of actual consent.  *Penilla v. Westmont*, 3 Cal.App.4th 205, 214 (discussing standards for unconscionability).  The EULA was never presented to Falls during his purchase and he was never asked to click on any box that referenced the terms of the EULA or its contained arbitration agreement.[8]

---

[8] ¶3 to Falls Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

With respect to substantive unconscionability, the "central idea" is that "the unconscionability doctrine is concerned not with a simple old-fashioned bad bargain but with terms that are unreasonably favorable to the more powerful party." *Poublon v. C.H. Robinson Co.,* 846 F.3d 1251, 1261 (9th Cir. 2017) citing *Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237, 1244 (2016).  The arbitration agreement coupled with the entire EULA is deceptive.  The arbitration provision is found in Section "B" of Section "10 Miscellaneous".  Yet in section 8 of the EULA, Xsolla limits liability against it (meaning Falls or any other consumer has no recourse) for any

> "lost profits or lost data or special, **incidental, indirect, punitive or consequential damages** (however arising, including negligence) arising out of or in any way connected to Xsolla, even if Xsolla has been advised of the possibility of such damages or loss or in the event of Xsolla or its affiliates' fault, tort (including negligence), strict liability, breach of contract, or breach of Xsolla's warranty; (ii) for any misrepresentation or fraud with respect to Software; (iii) for any loss or damages caused to any Software as a result of any action or omission of a developer; or (iv) for any amount in excess of (a) US $150 or (b) the amounts paid by you to Xsolla in the twelve (12) months preceding any claim by you having arisen, whichever is less. Some jurisdictions do not allow the limitation or exclusion of liability for incidental of consequential damages, so the above limitation or exclusion may not apply to you. You also may have other legal rights that vary from jurisdiction to jurisdiction. THESE LIMITATIONS AND EXCLUSIONS REGARDING DAMAGES APPLY EVEN IF ANY REMEDY FAILS TO PROVIDE ADEQUATE RECOMPENSE."[9] [Emphasis added].

Under California law, remedies provision of arbitration agreement between employer and employee was found to be substantively unconscionable in that it

---

[9] Exh. 1 to Burkovskiy Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

proscribed available statutory remedies, by limiting total damages, front pay, and punitive damages. 42 U.S.C.A. §1981a; Civil Rights Act of 1964, §706(g)(1), as amended, 42 U.S.C.A. § 2000e–5(g)(1); *Ingle v. Cir. City Stores, Inc.,* 328 F.3d 1165 (9th Cir. 2003). "[T]o the extent the arbitration clauses purport to deny the arbitrators the ability to award full relief ..., the arbitration clauses run contrary to statute and are unduly restrictive, possibly amounting to unconscionable waivers of statutory rights. Arbitration agreements should not be interpreted as written to deprive the arbitrators of authority to award punitive, consequential, or incidental damages." *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.,* 622 F.3d 996, 1003 (9th Cir. 2010).

The EULA "Liability Limitation" section runs afoul of the arbitration agreement as it does not allow the arbitrator to award incidental, consequential or punitive damages against Xsolla. This is the exact limitation that warrants a finding that Xsolla's arbitration agreement is substantive unconscionability. In addition, in the same breath, there is nothing in the arbitration agreement that precludes Xsolla from initiating a claim seeking incidental, consequential or punitive damages against Falls or its other consumers. Therefore, Xsolla limits the remedies that Falls can seek in arbitration from Xsolla but does not limit what Xsolla can seek in remedies from Falls. As such, the arbitration should be found substantively unconscionable.

///

///

**D**.     **Plaintiff's Dispute Does Not Arise Out Of the EULA**

Xsolla's arbitration agreement requires that "[A]ny dispute arising out of or in connection with the Agreement, including questions regarding its existence, validity, or termination . . ." must be determined by final and binding arbitration.[10]   Falls' (and the rest of the putative class for that matter) seeks a refund that Xsolla refused to refund of the approximate $20,000 he paid for downloadable content to use in CoE.  These claims arise from a breach of Xsolla's refund policy, not the EULA.

**E**.     **Arbitrability Must be Determined by this Court**

Xsolla contends that the question of arbitrability is reserved for the arbitrator and cannot be decided by this Court.  This is inaccurate.  Under Federal and California law, it is the Court's responsibility to determine whether the parties actually agree to arbitrate.  9 U.S.C. §4.  The Court retains authority to determine arbitrability where the claim of arbitrability is "wholly groundless" despite an otherwise valid designation clause.  *Smythe v. Uber Technologies* 24 Cal.App.5th 327, 332-333 (2018).  Further, State law applicable to contracts generally governs whether a valid agreement to arbitrate even exists.  *Perry v. Thomas* 482 U.S. 483, 492 (1987); *Metters* v. *Ralph Grocery* 161 Cal.App.4th 696, 701 (2008) – "federal policy in favor of arbitration does not come into play . . . until a court has found the parties entered into a valid contract under state law.

[10] Exh. 1 to Burkovskiy Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Xsolla's argument that JAMS Streamlined Arbitration Rules & Procedures somehow are the same as the American Arbitration Association rules so as to fool the Court into thinking the issue of arbitrability must be decided by the arbitrator is predicated on the faulty assumption that Falls consented to the arbitration agreement (which he did not).  Accordingly, the Court – and not the arbitrator – decides the merits on the grounds for resisting arbitration that Falls herein raises.

**F.** **Xsolla's Arbitration Agreement is Silent as to Class Arbitration, and as such, the Putative Class Cannot be Compelled to Arbitration**

While the interpretation of an arbitration agreement is generally a matter of state law, the FAA imposes certain rules of fundamental importance, including the basic precept that arbitration "is a matter of consent, not coercion."  *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 681 (2010) citing *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 479 (1989).  It is also clear from precedent and the contractual nature of arbitration that parties may specify with whom they choose to arbitrate their disputes.  *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002) – ("[N]othing in the [FAA] authorizes a court to compel arbitration of any issues, *or by any parties,* that are not already covered in the agreement" (emphasis added)); *Steelworkers v. Warrior & Gulf Nav., Co.* 363 U.S. 574, 581(1960) – (an arbitrator "has no general charter to administer justice for a community which transcends the parties"); *First Options of Chicago,*

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

*Inc. v. Kaplan,* 514 U.S. 938, 943 (1995) – ("[A]rbitration is simply a matter of contract *between the parties*; it is a way to resolve those disputes—but only those disputes—that the *parties* have agreed to submit to arbitration" (emphasis added)). It falls to courts and arbitrators to give effect to these contractual limitations, and when doing so, courts and arbitrators must not lose sight of the purpose of the exercise: to give effect to the intent of the parties. *Volt, supra,* 489 U.S., at 479.

From these principles, it follows that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so (emphasis added). *Stolt-Nielsen, supra,* at 684. An implicit agreement to authorize class-action arbitration is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate. This is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator. *Id*, 685. This is so because the relative benefits of class-action arbitration are much less assured, giving reason to doubt the parties' mutual consent to resolve disputes through class-wide arbitration. *First Options, supra,* at 945 (noting that "one can understand why courts might hesitate to interpret silence or ambiguity on the 'who should decide arbitrability' point as giving the arbitrators that power, for doing so might too often force unwilling parties to arbitrate" contrary to their expectations).

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

12          Opposition to Motion to Compel Arbitration

This reasoning controls here. Falls never consented to the arbitration agreement, but even if he had, the arbitration agreement is silent as to whether class arbitration would be encompassed. As such, the arbitration agreement again fails in this regard as this matter cannot be compelled to class arbitration.

## IV. CONCLUSION

Falls never signed (electronically or otherwise) an arbitration agreement, and in fact, never saw the EULA until Xsolla filed this Motion. Xsolla has not met its initial burden to show a valid arbitration agreement exists. Furthermore, the arbitration agreement is unconscionable in both a procedural and substantive nature. Finally, even if the Court found a valid arbitration agreement, the agreement is silent as to class arbitration, adding another reason this Court should not compel class arbitration.

As shown above, this Court has jurisdiction to decide arbitrability and accordingly Plaintiff requests this Court deny Xsolla's Motion to Compel Arbitration.

Date: April 19, 2021                    McCATHERN LLP

                                         By:   _Evan Selik_____
                                               EVAN SELIK
                                               CHRISTINE ZAOUK
                                               Attorneys for Plaintiff,
                                               JAMES FALLS

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

## **PROOF OF SERVICE**
1013A(3) C.C.P.
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 523 West Sixth Street, Suite 830, Los Angeles, CA 90014.

On April 19, 2021, the foregoing documents described as: **PLAINTIFF'S OPPOSITION TO DEFENDANT, XSOLLA (USA), INC.'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS OF AUTHORITIES**

on interested parties in this action electronically as follows:

Dennis M.P. Ehling
Cheryl S. Chang
Harrison Brown
Blank Rome LLP
XSOLLA (USA), INC.
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Email: ehling@blankrome.com
Email: chang@blankrome.com
Email: hbrown@blankrome.com

Larry Zerner
Morrison Rothman LLP
SOULBOUND STUDIOS
1801 Century Park East, 25th Floor
Los Angeles, CA 90067
Telephone: 310.556.9611
Email: larry@morrisonrothman.com

[XX] **BY INTERNET/ELECTRONIC MAIL** I caused to be transmitted a copy of the foregoing document(s) this date via internet/electronic mail for service on all parties in this case via their e-mail addresses.

Executed on April 19, 2021 at Los Angeles, California.

(x) (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Krishna Anderson*
Krishna K. Anderson

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

15          Opposition to Motion to Compel Arbitration