Evan Selik (SBN 251039)
Christine Zaouk (SBN 251355)
McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, California 90014
(213) 225-6150 / Fax (213) 225-6151
eselik@mccathernlaw.com
czaouk@mccathernlaw.com

Attorneys for Plaintiff,
JAMES FALLS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FALLS, individually and on behalf of other persons similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>SOULBOUND STUDIOS, LLC;<br>SOULBOUND STUDIOS (USA);<br>XSOLLA (USA), Inc.; and DOES 1 through 50<br><br>  Defendants. | ) CASE NO. 2:21-cv-00961-SVW-JPR<br>)<br>) **PLAINTIFF'S OPPOSITION TO**<br>) **SOULBOUND STUDIOS, LLC'S**<br>) **MOTION TO DISMISS**<br>) **PLAINTIFF'S COMPLAINT**<br>) **PURSUANT TO FEDERAL RULE**<br>) **OF CIVIL PROCEDURE 12(b)6)**<br>)<br>) Complaint Filed: February 2, 2021<br>)<br>)<br>) Date: May 10, 2021<br>) Time: 10:00 a.m.<br>) Place: Courtroom 9C<br>)<br>) |

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

i          Opposition to Motion to Dismiss

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

# TABLE OF CONTENTS

**INTRODUCTION** ..................................................................................................... 1

**STATEMENT OF FACTS** ........................................................................................ 2

**LEGAL STANDARD** ............................................................................................... 3

    **I.**     **Federal Rule of Civil Procedure 12(b)(6)**....................................................... 4

    **II.**    **28 U.S.C. § 1404(a) and Forum Non Conveniens**......................................... 6

**ARGUMENT** .............................................................................................................. 7

    **I.**     **California Has Sufficient Contacts With Each Class Member's Claim.** .. 8

    **II.**    **Defendants Sold Services to all Class Members Subjecting Them to the CLRA.**..................................................................................................................10

    **III.**   **Transfer of the Case is Unreasonable Under the Circumstances.** .........13

**CONCLUSION** ........................................................................................................16

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..................................................................5

*Atl. Marine Constr. Co., v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–61
(2013). ...................................................................................................................4, 6, 7

*Bancomer, S.A. v. Superior Ct.*, (1996) 44 Cal. App. 4th 1450, 1462 ..................7, 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .........................................5

*Cruz v. Beto*, 405 U.S. 319, 322 (1972)........................................................................6

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1998). ........................4

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)..............................4

*In re: Yahoo! Inc. Customer Data Sec. Breach Lit.*, 313 F. Supp. 3d 1113, 1141–42
(N.D. Cal. 2018) .................................................................................................10, 11

*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) .......................................................6

*LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1202–03 (C.D. Cal. 2015)....7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)...........................................6

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)..............................................6

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589–90 (9th Cir. 2012)...................8

*McKell v. Wash. Mut., Inc.*, 142 Cal.App.4th 1457, 1469 (2006)...............................5

*Norwest Mort., Inc. v. Superior Ct.*, (1999) 72 Cal. App. 4th 214, 222.....................9

*Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994)...............5

*Primary Color Sys. Corp. v. Agfa Corp.*, SACV 17-00761 JVS, 2017 WL 8220729,
  at *6 (C.D. Cal. July 13, 2017) ........................................................................7, 14

*United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). ...............4

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)...........5

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................4

Cal. Civ. Code § 1760..................................................................................10

Cal. Civ. Code § 1770..................................................................................10

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Plaintiff James Falls, individually and on behalf of other persons similarly situated (collectively, "Plaintiff"), respectfully submits this memorandum in opposition to the Defendant Soulbound Studios LLC's ("Defendant" or "SBS") Motion to Dismiss Plaintiff's Complaint (the "Motion").

## I.    INTRODUCTION

Motions to dismiss under the Federal Rules of Civil Procedure have become a routine practice by defendants in federal courts as an attempt to muddy the judicial waters and get the first word in on the issues. These tactics have watered down the effectiveness and the purpose of the rules causing these motions to be highly disfavored and rarely granted. Defendant's Motion is just another attempt to muddy the waters specifically ignoring several aspects of Plaintiff's Original Complaint (the "Complaint"). (Dkt. No. 1).

Defendant's Motion should be denied for several reasons. First, every potential class member's claims against SBS and Xsolla (USA), Inc. ("Xsolla," collectively with SBS, "Defendants") are based on the transactions that occurred jointly with SBS and Xsolla. The transactions at the heart of this claim could not have occurred without Xsolla's (a California corporation) involvment.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Second, the California Consumer Legal Remedies Act ("CLRA") covers the transactions in this case. SBS's own terms and definitions admit that the transactions in this case were for services and the nature of the product purchased shows that it was for a service covered by the CLRA.

Third, enforcement of the forum selection clause within SBS's click wrap terms is unreasonable and would lead to a waste of judicial resources. Therefore, Plaintiff asks that the Court deny this Motion.

## II.    STATEMENT OF FACTS

As stated in the Complaint, each class member has the same common facts against Defendants. SBS is supposed to be developing a web-based video game called Chronicles of Elyria ("COE"). (Dkt. No. 1 at ¶11). This game falls within the genre of a massive multiplayer online role playing game ("MMORPG") where an individual has an account for the game and plays a particular role in the game. These types of games require consistent development and services from the developer to maintain the game and create updates that keep customers involved and continuously purchasing additional products.

As part of this development, SBS sold downloadable content and specific merchandise on their website. To facilitate these purchases, SBS required the consumers to create an account and then purchase the products through Xsolla who served as the payment processor on every transaction with SBS. (Dkt. No. 1 at ¶12).

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

2        Opposition to Motion to Dismiss

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

No one could purchase items and goods from SBS to be used in COE without going through Xsolla. *Id.*

Despite several announcements and years of development, to this day, SBS has not finished developing COE. *Id.* at ¶17.

Plaintiff, and every potential class member, purchased content from SBS for COE. As part of these purchases, every plaintiff would have gone through Xsolla to purchase the products. SBS confirmed this intertwinement with Xsolla in their Terms of Use which subjected SBS to the refund policies of Xsolla. *Id.* at ¶19.

Because Plaintiff and the other class members never received the goods and services they purchased for COE, each member requested a refund. *Id.* at ¶22. Defendants have never refunded the money despite their failure to provide the products purchased. *Id.* at ¶¶22–23.

On February 2, 2021, Plaintiff brought this class action against Defendants seeking a refund of the money they have improperly retained. *Id.* Defendants do not dispute that they are subject to the personal jurisdiction of this Court.

### III.   **LEGAL STANDARD**

Defendant's Motion on its face is based on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 17). This rule applies to two of the three arguments raised in the Motion; yet, the Motion puts forth an argument seeking a dismissal or a transfer of venue based on a forum selection clause. (Dkt. No. 17 at ii,

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

4). Defendant initially argues that transfer is based on Federal Rule of Civil Procedure 12(b)(3); but in the body of the Motion, Defendant argues that transfer is proper based on the doctrine of forum non conveniens. *Id.*

When a party seeks to enforce a forum selection clause, the proper mechanism is 28 U.S.C. § 1404(a) to transfer to another federal forum, or the common law forum non conveniens for a transfer to a non-federal forum. *Atl. Marine Constr. Co., v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–61 (2013). Thus, Plaintiff will oppose the Motion under both the Federal Rule of Civil Procedure 12(b)(6), § 1404(a), and forum non conveniens grounds.

## A.      Federal Rule of Civil Procedure 12(b)(6)

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1998). It is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive this motion, a plaintiff must allege "enough facts to state a claim

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). Courts must accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Once the pleading standard has been met, the complaint may proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

This "plausibility" requirement "does not impose a *probability* requirement at the pleading stage." *Id.* at 545 (emphasis added). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 50 U.S. at 556 (emphasis added)). However, "[t]he court should not sustain the demurrer without leave to amend if the complaint, liberally construed, can state a cause of action under any theory or if there is a reasonable probability the defect can be cured by amendment." *McKell v. Wash. Mut., Inc.*, 142 Cal.App.4th 1457, 1469 (2006).

It is well established that when considering a motion to dismiss, the court must accept as true the allegations of the complaint and construe the complaint in light most

favorable to the pleader. *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). At the pleading stage "general factual allegations of injury resulting from the defendant's conduct may suffice" because the court must "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).

**B.    28 U.S.C. §1404(a) and Forum Non Conveniens**

SBS does not dispute that the Court is a proper venue under the normal federal venue provisions. Instead, SBS solely argues that venue is improper with this Court based on a forum selection clause in its click wrap terms of service. (Dkt. No. 17 at 4–6). This type of argument falls squarely under the forum non conveniens analysis and not the Rule 12(b)(3) analysis. *Atl. Marine*, 571 U.S. at 59–61.

Under this traditional analysis, the Court is to consider private and public interest factors and determine if transfer promotes the interest of justice. *Id.* at 62. The private factors include the access to proof, availability of compulsory process for attendance of unwilling or cost obtaining willing witnesses, and all other practical problems that make the trial easy, expeditious, and inexpensive. *Id.* at 62 n. 6. Under this traditional analysis, the Plaintiff's choice of forum is given controlling weight. *Id.* at 62. The public interest factors include the administrative difficulties from court congestion, local interest, and whether the forum is at home with the law. *Id.*

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

This analysis only changes when a valid enforceable contract exists that contains a valid enforceable forum-selection clause. *Id.* This requires that the forum selection clause is enforceable. If the forum selection clause is enforceable, then the private interest factors are ignored. *Id.* The forum selection clause should not be enforced except when enforcement would be unreasonable or unjust. *See LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1202–03 (C.D. Cal. 2015). Transfer, however, is based on the Court's discretion.

If enforcing the forum selection would result in arbitrary or conflicting rulings, then enforcing the forum selection would be unreasonable. *Bancomer, S.A. v. Superior Ct.*, (1996) 44 Cal. App. 4th 1450, 1462. Moreover, in cases involving multiple defendants, a court can refuse to enforce forum selection provisions that are conflicting because federal courts are concerned with "wasting judicial and party resources." *Primary Color Sys. Corp. v. Agfa Corp.*, SACV 17-00761 JVS, 2017 WL 8220729, at *6 (C.D. Cal. July 13, 2017). Enforcement that would result in splitting the claims would be unreasonable under the circumstances. *Id.*

## IV.  **ARGUMENT**

The Motion asserts two grounds for dismissal under Rule 12(b)(6). First, SBS argues that California does not have significant contacts with the claims for each class member. Dkt. No. 17 at 6–8.

Second, SBS argues that the transactions in this case are not subject to the CLRA. Each of these arguments fail as a matter of law, requiring this Motion to be denied. Further, transfer of this case would be unreasonable.

**A.    California Has Sufficient Contacts With Each Class Member's Claim.**

SBS argues that the Complaint fails to show that California "has significant contact or significant aggregations of contacts to the claims of each class member with regard to the claims against SBS." Dkt. No. 17 at 7: 12–14. Specifically, SBS argues that the non-California class members, including Plaintiff, do not have standing to assert claims for violations of California laws. *Id.*

"When an agreement contains a choice of law provision, California courts apply the parties' choice of law unless the analytical approach articulated in §187(2) of the Restatement (Second) of Conflict of Laws ... dictates a different result." *Id.* Under the Restatement approach, the court must first determine "whether the chosen state has a substantial relationship to the parties or their transaction, ... or whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459, 11 Cal.Rptr.2d 330, 834 P.2d 1148, 1152 (1992). "If ... either test is met, the court must next determine whether the chosen state's law is contrary to a *fundamental* policy of California." *Id.* If the court finds such a conflict, it "must then determine whether California has a 'materially greater interest than the chosen state in the determination of the particular issue.'

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

8          Opposition to Motion to Dismiss

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

" *Id.* (quotingRestatement (Second) of Conflict of Laws § 187, subd. (2)). If California possesses the materially greater interest, the court applies California law despite the choice of law clause. *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.,* 622 F.3d 996, 1002–1003 (9th Cir. 2010). Under this argument, the analysis looks at the subject matter of the lawsuit to determine if California itself has sufficient contacts with the claims asserted. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589–90 (9th Cir. 2012). This analysis permits non-residents who have transacted business in California to assert claims under California law. *See id.*

SBS's argument completely ignores the factual and legal assertions in this case as well as the presence of co-defendant Xsolla who is a California resident. Dkt. No. 1. The claims in this case stem from each transaction that a class member made with SBS on their online account. *Id.* These transactions each required the involvement of SBS and Xsolla to finalize the purchase of the products. *Id.* SBS does not dispute that they required each purchase to be made using Xsolla's systems.

In fact, as alleged in the Complaint, every transaction required the participation of both Defendants. *Id.* This inextricably intertwines the claims against both Defendants. *Id.* To determine the claims against one Defendant, the fact finder or the Court must analyze the facts and allegations concerning the other Defendant. Further, taking the allegations in the Complaint as true, Plaintiff has sufficiently alleged that Defendant joined in with Xsolla's policies and procedures and adopted Xsolla's terms

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

as part of its terms of use. *Id.* These facts alone show a significant connection between California and every claim by the class members because each transaction that is the subject of this dispute ran through Xsolla, a California company. Further, Plaintiff anticipates that a significant portion of class members will come from California.

The cases cited by SBS are inapposite. Each of Defendant's cases only found that California did not have any connection to the claims when the facts showed that the transactions between the non-resident plaintiff and the non-resident defendant occurred completely outside of California. *See Norwest Mort., Inc. v. Superior Ct.*, 72 Cal. App. 4th 214, 222 (199); (Dkt. No. 17 at 6–8). Instead, the *Norwest* court found that non-residents could assert claims under the consumer laws for transactions that are at least partially connected to California.  *Id.*

Because the transactions that form the basis of each class member's claim stem from the purchases that jointly involved SBS and Xsolla, California has significant contacts with the claims asserted.  SBS cannot separate the transactions from Xsolla's involvement when SBS required every purchase relating to COE to go through Xsolla. As such, Plaintiff asks the Court to deny this Motion.

**B**.      **Defendants Sold Services to all Class Members Subjecting Them to the CLRA.**

SBS also argues that the CLRA is inapplicable to the claims because the transactions did not involve the sale or lease of goods or services. Dkt. No. 17 at 8–9.

SBS relied on one case to support their argument that all software does not count as a good or service. *Id.*

The CLRA is a statutory framework that is to protect consumers from "unfair and deceptive business practices." Cal. Civ. Code §1760. This statute is to be construed liberally in favor of consumers. *Id.* It prevents certain prohibited practices in the sale or lease of "goods or services." Cal. Civ. Code §1770.

Due to the rise in electronic and virtual goods used over the internet, the definition of what constitutes a good or service has been confusing. One such area is classifying "software." Software can be both a good and a service depending on the type of software and the use for that software. *In re: Yahoo! Inc. Customer Data Sec. Breach Lit.*, 313 F. Supp. 3d 1113, 1141–42 (N.D. Cal. 2018). When a consumer sets up an account online that is maintained by the developer, then the account indicates that the defendant is offering a service. *Id.* Further, when the software developer updates and maintains the web-based platform, the developer is providing a service. *Id.* Another factor indicating that the software is a service under the CLRA is the developers own indication of the nature of the software. *Id.*

In *In re Yahoo*, the court analyzed this same argument under the CLRA. *Id.* (distinguished from Defendant's case). The plaintiffs in that case had set up accounts through Yahoo Mail. *Id.* Yahoo argued that the CLRA did not apply because the accounts did not constitute as a good or service. *Id.* The court rejected that argument

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

finding that the accounts constituted a service under the CLRA. *Id.* at 1142. The court indicated that these were accounts that the plaintiffs had set up to interact on the internet and Yahoo would upkeep and update the systems. *Id.* The court also noted that Yahoo could not dispute that the contract was a contract for services because Yahoo's own terms of service stated that Yahoo was offering services. *Id.*

Hereto, SBS cannot dispute that any contract between Plaintiff and Defendant would constitute a contract for services. As part of any online game, the game developer will continue to maintain, manage, and update the servers and the game itself during the lifetime of the game. When a player purchases an account and downloadable content, they are purchasing the maintenance of the gaming platform and the continual updates making the game better. These all constitute services under the CLRA. *Id.*

SBS's terms of use readily indicate that they are offering services. For example, SBS calls their terms a "Terms of Service." Dkt. No. 17-1 at 7. Further, the terms state "[b]y using Soulbound Studio Services" and goes on to define "Services" as follows:

> "Services" shall mean any website, game play, server use, computer program, third party service, software, widget, tool, or any other service provided by Soulbound Studios for your use.

*Id.*

The terms consistently use "Services" throughout the document showing that SBS understood that they were offering services to their customers. Those customers

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

included Plaintiff and the class members. Therefore, because SBS offered services under the CLRA, Plaintiff and the potential class members have standing to assert claims under the CLRA. This result is consistent with the liberal application required by the CLRA.

SBS based its entire fourth argument on the grounds that because the CLRA claim should be dismissed the unfair competition claim should be dismissed. However, because the above analysis shows that the transactions constitute services, the CLRA claim survives and Defendant's argument is moot.

**C.    Transfer of the Case is Unreasonable Under the Circumstances.**

SBS does not dispute that this Court is a proper venue under the Federal Rules. Their only argument is that a forum selection clause applies that was hidden within the various terms of the click wrap terms of service. (Dkt. No. 17 at 4–6). However, enforcing this forum selection clause would be unreasonable under the circumstances.

SBS required all of their users to click on the terms of service button prior to moving on with their transactions or setting up their account. These terms are the epitome of an adhesion contract whereby no one is able to get the products without agreeing to these terms. These terms are nonnegotiable. Further, when a user goes to purchase something from SBS, the user is not informed that the terms contain a forum

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

selection clause. The user is not required to actually read the terms. Instead, as almost every person does, they just click the button and move on.

Plaintiff did not know that the terms he was agreeing to contained a forum selection clause. Not only do the screens not inform him of the presence of the clause, but also the clause itself has no conspicuous aspects to it. The clause is just one of many buried items within the terms.

Moreover, the claims against SBS are inextricably intertwined with the claims against Xsolla. As stated above, the transactions in this case occurred simultaneously with and through SBS and Xsolla together. (Dkt. No. 1). Any decisions based on the refund policy of one defendant requires determinations to be made concerning the policies of the other defendant. *Id.* Xsolla, however, is not governed by Defendant's forum selection clause. Instead, Xsolla's own terms contain other provisions including a California choice of law provision. *See* (Dkt. No. 19-4).

Enforcing SBS's forum selection clause would create piecemeal litigation. *See Bancomer*, 44 Cal. App. 4th at 1462; *Primary Color*, 2017 WL 8220729, at *6. Plaintiff and the putative class members would have to assert two different pieces of litigation in two different forums. However, in each of these two cases, the court and the jury would still be required to make determinations as to the other defendant. This would also result in a high likelihood of arbitrary and inconsistent rulings.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Opposition to Motion to Dismiss

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Because federal courts are loath to split cases and require piecemeal litigation, enforcing the forum selection clause would be unreasonable under the circumstances. *See Bancomer*, 44 Cal. App. 4th at 1462; *Primary Color*, 2017 WL 8220729, at *6. Further, the public interest factors weigh in favor of retaining the case in this Court. Defendant incorrectly argues that California has no interest in resolving these claims while ignoring the fact that Plaintiff has made abundantly clear that each of the claims against SBS are inextricably intertwined with the claims against a California resident Xsolla.

This Court is also more familiar with California law than any Washington court. The choice of law analysis will show that California law will govern the disputes in this case, especially since Xsolla's terms included a California choice of law provision.

These factors along with the policy against splitting cases and the Court's discretion in refusing to enforce a forum selection clause when there exists competing venue provisions lean heavily in favor of keeping the case within this Court's control. Therefore, Plaintiff respectfully ask the Court to deny the motion on forum non conveniens.

## V.    <u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully asks the Court to deny Defendant's Motion to Dismiss and Defendant's Motion to Transfer for forum non conveniens.

Date: April 19, 2021                              McCATHERN LLP


                                                  By:    *Evan Selik*
                                                          EVAN SELIK
                                                          CHRISTINE ZAOUK
                                                          Attorneys for Plaintiff,
                                                          JAMES FALLS

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

16          Opposition to Motion to Dismiss

**PROOF OF SERVICE**
1013A(3) C.C.P.
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 523 West Sixth Street, Suite 830, Los Angeles, CA 90014.

On April 19, 2021, the foregoing documents described as: **PLAINTIFF'S OPPOSITION TO SOULBOUND STUDIOS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)6)**
on interested parties in this action electronically as follows:

Dennis M.P. Ehling
Cheryl S. Chang
Harrison Brown
Blank Rome LLP
XSOLLA (USA), INC.
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Email: ehling@blankrome.com
Email: chang@blankrome.com
Email: hbrown@blankrome.com

Larry Zerner
Morrison Rothman LLP
SOULBOUND STUDIOS
1801 Century Park East, 25th Floor
Los Angeles, CA 90067
Telephone: 310.556.9611
Email: larry@morrisonrothman.com

[XX] **BY INTERNET/ELECTRONIC MAIL** I caused to be transmitted a copy of the foregoing document(s) this date via internet/electronic mail for service on all

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

17          Opposition to Motion to Dismiss

parties in this case via their e-mail addresses.

Executed on April 19, 2021 at Los Angeles, California.
(x) (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Krishna Anderson*
Krishna K. Anderson

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

18          Opposition to Motion to Dismiss