BLANK ROME LLP
Dennis M.P. Ehling (SBN 168892)
ehling@blankrome.com
Cheryl S. Chang (SBN 237098)
chang@blankrome.com
Harrison Brown (SBN 291503)
hbrown@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendant
XSOLLA (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JAMES FALLS, individually and on behalf of other persons similarly situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>SOULBOUND STUDIOS, LLC; SOULBOUND STUDIOS (USA); XSOLLA (USA), Inc.; and DOES 1 through 50,<br><br>                              Defendants. | Case No. 2:21-cv-00961-SVW-JPR<br><br>**DEFENDANT XSOLLA (USA), INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS AND TO STRIKE**<br><br>Date: May 10, 2021<br>Time: 1:30 pm<br>Location: First Street Courthouse<br>              350 W. 1st Street,<br>              Courtroom 10A, 10th Floor,<br>              Los Angeles, California 90012<br>              (Remotely by Zoom)<br><br><br>Compl.:  February 2, 2021<br>Trial:      Not Set |

125754208

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION......................................................................................... 6

II. ARGUMENT .............................................................................................. 7

    A. The Complaint Should Be Dismissed.................................................. 7

        1. The First Cause Of Action Should Be Dismissed Because Plaintiff Did Not Allege How Xsolla Breached The Refund Policy Or That He And The Putative Class Performed Under The Refund Policy................................................................................... 7

        2. The Second Cause of Action Should Be Dismissed Because The CLRA Does Not Apply To Software And Plaintiff Has Not Pled The Required Elements To State A Claim for Violation Of The CLRA.................................................................. 9

        3. The Third Cause Of Action Should Be Dismissed Because Plaintiff Fails To Plead A Cause Of Action Under Any Of The UCL's Three Prongs........................................................... 12

        4. The Fourth Cause of Action for Declaratory Judgment Should Be Dismissed As Insufficiently Pled And Duplicative.................................................................................... 13

    B. The Court May Properly Strike The Class Allegations ...................... 14

III. CONCLUSION ........................................................................................ 16

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baba v. Hewlett-Packard Co.*,
No. C 09-05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010) ................... 11

*Beverly Finance Co. v. American Casualty Co.*,
273 Cal.App.2d 259 78 Cal.Rptr. 334 (1969)................................................. 11

*Brazil v. Dell, Inc.*,
No. C-07-1700 RMW, 2008 WL 2693629 (N.D. Cal. July 7, 2008).................. 15

*Diamond S.J. Enter., Inc. v. City of San Jose*,
395 F. Supp. 3d 1202 (N.D. Cal. 2019)........................................................9

*Diversified Cap. Invs., Inc. v. Sprint Commc'ns, Inc.*,
No. 15-CV-03796-HSG, 2016 WL 2988864 (N.D. Cal. May 24, 2016)............. 13

*Ferrington v. McAfee, Inc.*,
No. 10-01455, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010)............................ 10

*Friedman v. Dollar Thrifty Auto. Grp., Inc.*,
No. 12-CV-02432-WYD-KMT, 2013 WL 5448078 (D. Colo. Sept. 27, 2013) ................................................................................................ 15

*Holdings Corp. v. Ball, No. CV1004329SJODTBX*,
2010 WL 11552872 (C.D. Cal. Dec. 14, 2010) .............................................. 12

*In re: Yahoo! Inc. Customer Data Sec. Breach Lit.*,
313 F. Supp. 3d 1113 (N.D. Cal. 2018)....................................................... 10

*Kamar v. RadioShack Corp.*,
375 F. App'x 734 (9th Cir. 2010)................................................................ 15

*KEMA, Inc. v. Koperwhats*,
658 F.Supp.2d 1022 (N.D.Cal., 2009)......................................................... 11

*Ladore v. Sony Computer Entm't Am., LLC*,
75 F.Supp.3d 1065 (N.D. Cal. 2014)........................................................... 10

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

*Lith v. Iheartmedia + Ent., Inc.*,
   No. 1:16-CV-066-LJO-SKO, 2016 WL 4000356 (E.D. Cal. July 25, 2016) ........................................................................................................... 14

*Montgomery v. Specialized Loan Servicing, LLC*,
   772 F. App'x 476 (9th Cir. 2019) .......................................................................... 9

*Moore v. Apple, Inc.*,
   73 F. Supp. 3d 1191 (N.D. Cal. 2014) .................................................................. 9

*Morrison v. Nat'l Australia Bank Ltd.*,
   561 U.S. 247, 130 S. Ct. 2869 177 L. Ed. 2d 535 (2010) ................................... 15

*Munning v. Gap, Inc.*,
   No. 16-CV-03804-TEH, 2016 WL 6393550 (N.D. Cal. Oct. 28, 2016) .............. 11

*Nasso v. Integrated Admin., Inc.*,
   No. CV158534DMGGJSX, 2016 WL 6922346 (C.D. Cal. July 15, 2016) ........................................................................................................... 12

*Oracle Am., Inc. v. CedarCrestone, Inc.*,
   No. 12-CV-04626 NC, 2012 WL 12897962  (N.D. Cal. Dec. 7, 2012) ............... 12

*Ramirez v. Baxter Credit Union*,
   No. 16-CV-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) ................. 14

*Sanders v. Apple, Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................. 13

*Sanders v. Apple, Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................. 14

*Watson Lab'ys, Inc. v. Rhone-Poulenc Rorer, Inc.*,
   178 F. Supp. 2d 1099 (C.D. Cal. 2001) ............................................................... 13

*WPP Luxemburg Gamma Three Sarl v. Spot Runner Inc.*,
   No. CV 09-2487 PA (PLAX), 2009 WL 10675234 (C.D. Cal. Sept. 14, 2009) ........................................................................................................... 9

*Zamora v. Solar*,
   No. 2:16-CV-01260-ODW-KS, 2016 WL 3512439 (C.D. Cal. June 27, 2016) ........................................................................................................... 13

125754208

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

**Statutes**

Cal. Bus. & Prof. Code §§ 17200 et seq.................................................... 6, 12, 13

Cal. Civ. Code § 1770 et seq...............................................................*passim*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

## I.   **INTRODUCTION**

Plaintiff's[1] opposition attempts to rewrite the Complaint to allege that the Refund Policy had conflicting provisions, and, as a result, Plaintiff and the putative class did not have to plead that they performed under the contract for which they are suing.   This is wrong because, as discussed below, the Refund Policy is not ambiguous.   Further, Plaintiff confuses performance under the EULA (which requires payment by customers to receive a license from SBS) with performance under the Refund Policy (which requires that refund requests be made within 180 days to Xsolla and to Xsolla's customer service).   Moreover, Plaintiff does not meaningfully address Xsolla's argument that, based on the Complaint's allegations, Plaintiff's and the putative class's purchases were pre-orders of CoE-related content and, thus, they would not be entitled to a refund at all from Xsolla.   For these reasons, the breach of contract claim should be dismissed.

Further, in his opposition, Plaintiff implicitly admits that the Complaint does not plead any misrepresentations by Xsolla except those related to the Refund Policy. Plaintiff, however, cannot convert a routine breach of contract claim into a fraud-based claim that underlies his and the putative class's allegations under the CLRA and the UCL without alleging something more than a mere breach of contract. Furthermore, Plaintiff's argument that the Refund Policy's allegedly conflicting terms are unfair to customers fails because, as explained below, the Refund Policy is consistent and, in any event, the Complaint does not contain any allegations that the Refund Policy conflicts.  Thus, Plaintiff's claims under the CLRA and UCL fail.

In addition, Plaintiff's arguments in support of the declaratory judgment claim make clear that it is duplicative of Plaintiff's breach of contract claim and, thus, should be dismissed.

---

[1]   Defined terms have the same meaning as in Xsolla's opening memorandum of points and authorities in support of the motion to dismiss and strike ("Memo." or "Memorandum").

125754208                                                                                 6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

Finally, with respect to Xsolla's motion to strike the Proposed Class, Plaintiff misconstrues the case law to imply that it is *never* appropriate to strike class definitions at the pre-discovery stage. Indeed, many courts in this district and across the nation strike putative classes and the pleading stage where class relief is inappropriate. As it is inappropriate here, the motion to strike may be granted and should be granted, where the Proposed Class is facially improper, overbroad, and lacking in predominance and ascertainability.

For these reasons and those set forth in the Memorandum, Xsolla's Motion should be granted in its entirety.

## II. ARGUMENT

### A. The Complaint Should Be Dismissed

#### 1. The First Cause of Action Should Be Dismissed Because Plaintiff Did Not Allege How Xsolla Breached the Refund Policy or That He and the Putative Class Performed Under the Refund Policy

In the Opposition, Plaintiff does not address Xsolla's argument that the Refund Policy clearly provides that SBS, and not Xsolla, is responsible for pre-order refunds. (Memo. at 14-15.) And he does not contest that, as alleged in the Complaint, Plaintiff's and the putative class's refund requests for CoE-related content constitute pre-order refund requests that are SBS's responsibility. (Compl. ¶ 32.) Instead, Plaintiff conclusorily states that he and the putative class have pled the necessary elements for breach of contract and cites to paragraphs of the Complaint that are mere boilerplate. (Opp. at 10.) This is insufficient and the breach of contract claim should be dismissed, and dismissed with prejudice as Plaintiff's reliance on the already-pled allegations in the Complaint confirm he has no additional facts to plead on amendment.

Further, Plaintiff's claims that he and the putative class adequately alleged performance under the Refund Policy fail.

125754208                                           7
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

First, Plaintiff's argument that he adequately alleged performance because he and the putative class made a payment to Xsolla, Opp. at 11, is a red herring.  Plaintiff conflates performance under the EULA, which requires a customer to make a payment before SBS issues a license, *see* RJN, Ex. 1, with performance under the Refund Policy, which requires that a customer submit a refund request to Xsolla within 180 days of purchase, *see* Compl., Ex. 1.

Second, Plaintiff's argument that the Refund Policy contains contradictory terms and that, as a result, Plaintiff was not required to request a refund within 180 days of purchase is wrong.  (Opp. at 10-11.)  The Refund Policy is clear that all refunds must be requested within 180 days of purchase, regardless of whether it is a pre-order refund, for which SBS is responsible, or not a pre-order refund.  (Compl., Ex. 1, ECF Page ID #: 21) ("We can accept and process the refund requests within 180 days of purchase.  No refund requests will be accepted after this period of time.")  Accordingly, even though SBS is ultimately responsible for refunds relating to pre-order content, Xsolla will only facilitate such refunds, on behalf of SBS, if the refund request is made within 180 days of purchase.  Furthermore, the provision in the Refund Policy that states "**Pre-orders where no content has been delivered yet**.  In this case contact our Customer Support at https://help.xsolla.com/ with your payment ID up to the day of game release" does not conflict with the 180-day limitation.  The term "up to the day of game release" defines the meaning of "pre-orders where no content has been delivered yet."  This provision does not provide a separate method or timeline of requesting a pre-order refund through Xsolla.  Rather, the Refund Policy consistently states that refund requests on pre-orders, meaning those refunds that are requested up to the day of game release, are the responsibility of SBS and that Xsolla will *faciliate* such refunds if they are requested within 180-days of purchase. Plaintiff, however, does not and cannot claim that the Complaint pleads that Plaintiff and the putative class requested a refund from Xsolla within the 180-day period.  Nor does Plaintiff argue that he could ever plead those facts on amendment.

125754208                                            8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

Third, even assuming that the Refund Policy provisions conflict and that Plaintiff could request a refund for pre-order purchases from Xsolla until the day of the game release, the Refund Policy also requires that the customer contact Xsolla's customer service with his payment ID. (*Id.*, Ex. 1, ECF Page ID #: 20.) Plaintiff does not allege that he or the putative class did so.

Fourth, the Complaint itself does not contain any allegations that the Refund Policy has conflicting terms. Instead, this argument is made solely in Plaintiff's opposition and cannot be read into the Complaint. *See Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1231 (N.D. Cal. 2019) (complaint may not be amended by briefs in opposition to a motion to dismiss); *WPP Luxemburg Gamma Three Sarl v. Spot Runner Inc.*, No. CV 09-2487 PA (PLAX), 2009 WL 10675234, at *5 (C.D. Cal. Sept. 14, 2009) ("[a]rguments in Plaintiff's Opposition cannot cure deficiencies in the Complaint").

Thus, because Plaintiff has failed to plead that he and the putative class performed, as required, under the Refund Policy, the breach of contract should be dismissed. (*See* Memo at 16-17.)

> ## 2. The Second Cause of Action Should Be Dismissed Because the CLRA Does Not Apply to Software and Plaintiff Has Not Pled the Required Elements to State a Claim for Violation of the CLRA

Plaintiff does not address and therefore abandons his and the putative class's claims that Xsolla violated the 1770(a)(10) and (a)(17) Subsections of the CLRA. (Memo at 21-22.) Accordingly, those claims should be dismissed with prejudice. *See Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) ("district court properly dismissed plaintiffs' remaining claims because plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss these claims"); *see also Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (where a plaintiff "simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice").

125754208                                    9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

This leaves only the fraud-based CLRA claim remaining.  (Compl. ¶¶ 38-40.)  Plaintiff, however, does not meaningfully distinguish the cases cited by Xsolla in its Memorandum, which hold that CLRA does not cover transactions relating to the sale or lease of software.  (Memo at 18.)  Instead, relying on a single case, *In re: Yahoo! Inc. Customer Data Sec. Breach Lit.*, 313 F. Supp. 3d 1113, 1141-42 (N.D. Cal. 2018), Plaintiff asserts that software can be a good and a service depending on the type of software and the use for that software.  In *Yahoo*, however, the court found that Yahoo Mail was a service because the plaintiffs "have signed up for accounts on a web-based platform, maintained by Yahoo," in which they engage in activities such as email communication and photo storage.  *Id.*  In addition, Yahoo "continually upkeeps and updates the system," which further solidified that Yahoo was providing a service.  *Id.*

*Yahoo*, however, does not apply here because Plaintiff does not allege that the CoE-related content was a service in any way.  Instead, he alleges that he "purchased approximately $20,000 in downloadable content for CoE" and that the Proposed Class consists of those individuals that "purchased downloadable content" related to CoE.  (Compl. ¶¶ 18, 24.)

Further, Plaintiff does not allege that the CoE-related content was a tangible good that he or the putative class purchased at a physical location and brought home.  *Compare* Compl. ¶ 18 *with Ladore v. Sony Computer Ent't Am., LLC*, 75 F. Supp. 3d 1065, 1073 (N.D. Cal. 2014) (noting that the plaintiff went to a physical store location to purchase the tangible video game that came in a box with physical documents).  Rather, the analysis from *Ferrington v. McAfee, Inc.*, No. 10-01455, 2010 WL 3910169, at *14 (N.D. Cal. Oct. 5, 2010) applies, in which the court concluded that downloadable software was not a tangible good within the meaning of the CLRA.

In addition, Plaintiff concedes that the Purported CLRA Notice does not enumerate specific subsections of the CLRA that Xsolla purportedly violated.  (Opp. at 14.)  For this reason alone, the CLRA claim should be dismissed because the CLRA

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

requires that the pre-litigation notice letter "[n]otify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 **of the particular alleged violations of Section 1770**." Cal. Civ. Code § 1782(a)(1) (emphasis added); *see also Munning v. Gap, Inc.*, No. 16-CV-03804-TEH, 2016 WL 6393550, at *4 (N.D. Cal. Oct. 28, 2016) (dismissing CLRA claim where "Plaintiff's letter alleged Defendants' violation of several statutes but failed to specifically identify which provisions of the cited statutes they violated")

Instead, he claims that the letter met the CLRA's pre-litigation requirements by stating that "Xsolla used unlawful, unfair and fraudulent practices by inducing customers to purchase a video game that at some point, Soulbound ceased having intentions, means, and resources to develop" and "clearly articulat[ing] violations from Cal. Civ. Code § 1770 including but not limiting, §§ 1770(a)(5), (10), and (17)." (Opp at 14.) This boilerplate and conclusory language, however, is insufficient given the clear language of the CLRA. Moreover, Plaintiff does not provide any authority that a letter that does not articulate the particular alleged violations of Section 1770 meets the requirements of Cal. Civ. Code § 1782.

Finally, Plaintiff's argument that his CLRA claim is based on misrepresentations that Xsolla made in the Refund Policy fails as a matter of law. As discussed above, the Refund Policy does not contain contradictory terms or misrepresentations and, in any event, Plaintiff did not sufficiently plead a breach of contract claim against Xsolla. Further, Plaintiff cannot turn this alleged failure to fulfill contractual duties into a claim under the CLRA. *See Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2010 WL 2486353, at *4 (N.D. Cal. June 16, 2010) (dismissing CLRA claims because "as to any affirmative misrepresentations, plaintiffs allege little more than a breach of contract"); *KEMA, Inc. v. Koperwhats*, 658 F. Supp. 2d 1022, 1033 (N.D. Cal. 2009) (breach of contract does not form the basis for a UCL claim unless the breach is unlawful, unfair or fraudulent); *Beverly Finance Co. v. American Casualty Co.*, 273 Cal. App. 2d 259, 265, 78 Cal. Rptr. 334 (1969) (breach

125754208                                          11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

of contract, without more, does not constitute fraud).  And Plaintiff does not allege any other facts to turn the breach of contract into a fraud based CLRA claim.

          3.    <u>The Third Cause of Action Should Be Dismissed Because Plaintiff Fails to Plead a Cause of Action Under Any of the UCL's Three Prongs</u>

In the Opposition, Plaintiff again attempts to utilize his breach of contract allegations as the basis for Xsolla's wrongful conduct under the "unfair" and "fraudulent" prongs of the UCL.[2]  He argues that the Refund Policy's allegedly "conflicting" provisions are unfair and fraudulent and induce customers to rely on "certain terms while Xsolla maintains an 'out.'"  (Opp. at 16-17.)

Again, as discussed above, the Refund Policy does not have conflicting provisions and, thus, was not unfair or fraudulent in any way.  Further, breach of contract alone, however, will not support a UCL claim.  *See Oracle Am., Inc. v. CedarCrestone, Inc.*, No. 12-CV-04626 NC, 2012 WL 12897962, at *5 (N.D. Cal. Dec. 7, 2012) ("California law does not recognize a breach of contract alone as an independent 'wrongful act,' as required for a UCL claim, unless some otherwise wrongful conduct is alleged in conjunction with the breach"); *Nasso v. Integrated Admin., Inc.*, No. CV158534DMGGJSX, 2016 WL 6922346, at *4 (C.D. Cal. July 15, 2016) (dismissing UCL claim and holding that to "the extent that the 'unfair' act refers to Defendants' alleged breach of contract, [a] common law violation such as breach of contract is insufficient, standing alone, to support a UCL claim") (internal quotations omitted).  Instead, a plaintiff must allege that the defendant violated some other "cognizable legal duty."  *Oracle*, 2012 WL 12897962, at *5; *see also Holdings Corp. v. Ball*, No. CV1004329SJODTBX, 2010 WL 11552872, at *3 (C.D. Cal. Dec. 14, 2010) ("When a plaintiff fails to allege any unlawful, unfair, or fraudulent act

---

[2]  Plaintiff does not contest that, to the extent that the Court dismisses the CLRA claim, the Complaint does not state a cause of action under the "unlawful" prong of the UCL.

125754208            12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

independent of the alleged breach of contract [claim] the plaintiff cannot sustain a UCL claim.") (internal citations omitted).

Here, the Complaint does not allege more than an alleged breach of contract as to Xsolla and, thus, the UCL claims should be dismissed. *Id.*; *see c.f.*, *Watson Lab'ys, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1117 (C.D. Cal. 2001) (UCL claims sustained where plaintiff alleged how breach of contract coupled with defendant's other conduct was unfair).

    4.    <u>The Fourth Cause of Action for Declaratory Judgment Should Be Dismissed as Insufficiently Pled and Duplicative</u>

Plaintiff argues that the Fourth Cause of Action for declaratory relief is not duplicative because "it is not guaranteed that a resulting outcome of decisions on the previous causes of action would provide clear and definitive answers on the rights and duties of Plaintiff and Defendants under the contract." (Opp at 18.) However, the Fourth Cause of Action does not plead what answers Plaintiff seeks. (Compl. ¶¶ 52.) It merely incorporates the prior allegations of the Complaint and seeks "an order that defines the respective rights and duties of Plaintiff and the putative class, on the one hand, and Defendants on the other, under the contract." (*Id.*)

As pled, the Fourth Cause of Action is entirely duplicative of the breach of contract claim because, when the Court rules on the breach of contract claim, it is necessarily defining the rights of the parties under the Refund Policy. Thus, the Fourth Cause of Action should be dismissed. *See Zamora v. Solar*, No. 2:16-CV-01260-ODW-KS, 2016 WL 3512439, at *5 (C.D. Cal. June 27, 2016) (dismissing declaratory judgment cause of action where "determination would mirror the Court's breach [of contract] analysis . . . and is therefore inappropriate. Furthermore, Plaintiffs' declaratory claim seeks relief for the past wrongs related to the contract termination, rather than future harms."); *Diversified Cap. Invs., Inc. v. Sprint Commc'ns, Inc.*, No. 15-CV-03796-HSG, 2016 WL 2988864, at *9 (N.D. Cal. May 24, 2016) (granting dismissal of declaratory relief claim as "plainly duplicative of its

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

breach of contract claim . . . . Deciding that claim will necessarily determine the substance of Plaintiff's declaratory relief claim.").

### B. The Court May Properly Strike the Class Allegations

Plaintiff claims that Xsolla is "improperly" and "prematurely" attempting to strike the class allegations. (Opp. at 19.) However, Plaintiff does not cite any authority that it is improper for this Court to grant the Motion. Rather, pre-discovery motions to strike are granted in situations, such as this one, where the Complaint's allegations regarding the Proposed Class are facially deficient. *See, e.g.*, *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (granting pre-certification motion to strike class action allegations because proposed class definition necessarily includes individuals that did not suffer damages); *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 1064991, at *8 (N.D. Cal. Mar. 21, 2017) (granting pre-discovery motion to strike class allegations where proposed class is facially invalid).

And here, the Proposed Class is overbroad because it improperly includes individuals who did not make a refund request within 180 days of purchase of CoE-related content, as is a condition precedent under the Refund Policy, or those who made a refund request for a reason excluded under the Refund Policy. Plaintiff, however, claims that the Proposed Class is proper because its definition "**infers** that the class only includes those entitled to a refund." (Opp. at 20 (emphasis added).) However, the Complaint's allegation that the Proposed Class include individuals who "requested a refund where no game content had been delivered, and did not receive a refund" does not infer or suggest that the putative class is limited to those individuals that are entitled to a refund.

Moreover, even if the Complaint did so plead, this would be a quintessential "fail safe" class, which turns on whether each putative class member has a valid claim. Such a proposed class should be stricken. *See Lith v. Iheartmedia + Ent., Inc.*, No. 1:16-CV-066-LJO-SKO, 2016 WL 4000356, at *5 (E.D. Cal. July 25, 2016)

125754208                                        14

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

(proposed class definition stricken because class "would only include individuals who win, or by virtue of losing . . . are not in the class and, therefore, not bound by the judgment") (internal quotations omitted); *Brazil v. Dell, Inc.*, No. C-07-1700 RMW, 2008 WL 2693629, at *7 (N.D. Cal. July 7, 2008) (striking class definition as fail-safe that included those who brought products that the defendant "falsely advertised"); *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010) (describing fail-safe classes as "palpably unfair" to defendants and "unmanageable").

In addition, Plaintiff's claims that this Court has jurisdiction over the worldwide class members because the members of the purported class purchased downloadable content through Xsolla, a California corporation, fail. (Opp. at 21.)  Plaintiff does not provide any citation or analysis as to why the purchase of downloadable content by an unnamed plaintiff residing outside of California from a California corporation is sufficient for this Court to exercise jurisdiction over those nonresident plaintiffs' claims.  Likewise, Plaintiff does not explain how each class member purportedly "waived claims against personal jurisdiction."  Rather, the Proposed Class improperly includes plaintiffs residing outside of the United States and should be stricken.  (*See* Memo. at 30-31); *see, e.g.*, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 261, 130 S. Ct. 2869, 2881, 177 L. Ed. 2d 535 (2010) (holding that there is a presumption against the extraterritorial application of federal statutes); *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-CV-02432-WYD-KMT, 2013 WL 5448078, at *6 (D. Colo. Sept. 27, 2013) (dismissing claims where plaintiff did not allege that consumer protection statutes applied extraterritorially).

125754208

15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

## III.  CONCLUSION

For the foregoing reasons and those set forth in the Memorandum, Xsolla's motion to dismiss and to strike should be granted in its entirety and Plaintiff denied leave to amend.

DATED:  April 26, 2021          BLANK ROME LLP


                                By: /s/ Harrison Brown
                                    Dennis M.P. Ehling
                                    Cheryl S. Chang
                                    Harrison Brown
                                Attorneys for Defendant
                                XSOLLA (USA), INC.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE**