UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00961-SVW-JPR | Date | July 6, 2021 |
|---|---|---|---|
| Title | *James Falls v. Soulbound Studios, LLC et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING [17] MOTION TO TRANSFER, GRANTING [20] MOTION TO COMPEL ARBITRATION, AND DENYING AS MOOT [19] MOTION TO DISMISS AND STRIKE.

## I. Introduction

Before the Court is a motion to compel arbitration filed by Defendant Xsolla USA, Inc. ("Xsolla"), Dkt. 20, and a motion to transfer filed by Defendant Soulbound Studios, LLC, Dkt. 17. For the reasons stated below, both motions are GRANTED.

## II. Factual and Procedural Background

Plaintiff James Falls purchased approximately $20,000 in downloadable content from Defendants Soulbound Studios USA and Soulbound Studios, LLC ("SBS") for the Chronicles of Elyria ("CoE") video game. Dkt. 1 ¶¶ 5, 18. To make these purchases, Plaintiff visited CoE's website and was redirected to Defendant Xsolla's website to process payment. *Id.* ¶¶ 19-20. CoE has not come to fruition. *Id.* ¶ 17.

Plaintiff alleges that he, and those similarly situated, are entitled to a refund for the downloadable content according to Xsolla's Refund Policy, which states in relevant part: "We DO honor requests for the refund upon your request on the following reasons: . . . Pre-orders where no content has been delivered yet." *Id.*, Ex. 1 at 3. Plaintiff alleges that he, and those similarly situated, have requested a refund and have not been provided any refund. *Id.* ¶ 22.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00961-SVW-JPR | Date | July 6, 2021 |
| Title | *James Falls v. Soulbound Studios, LLC et al* | | |

Plaintiff filed a complaint alleging breach of contract and other claims related to the above allegations on February 2, 2021.  Dkt. 1 ¶¶ 33-52.

**III.   Motion to Compel Arbitration**

    **a.   Arbitration Agreements and Delegation Clauses in General**

The Federal Arbitration Act ("FAA") provides that written arbitration agreements in contracts "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting 9 U.S.C. § 2).  "The court's role under the FAA is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc.*, 2020 WL 620294, at *2 (C.D. Cal. 2020) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).  It is the burden of the party seeking to compel arbitration, here Defendant, to satisfy these elements. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

"When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.Ct. 524, 529 (2019). "In those circumstances, a court possesses no power to decide the arbitrability issue." *Id.*

To determine whether a contract delegates the arbitrability question to an arbitrator, a court must find "clear and unmistakable evidence" that "the parties agreed to arbitrate arbitrability." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citations omitted and cleaned up).  The Ninth Circuit has held that such clear and unmistakable evidence can come from an arbitration agreement's incorporation of the rules of an arbitration service. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130-31 (9th Cir. 2015).

    **b.   Agreement to Arbitrate**

To determine whether a valid agreement to arbitrate exists, courts "apply ordinary state-law principles that govern the formation of contracts." *Int'l Brotherhood of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020) (quoting *First Options*, 514 U.S. at 944).  Under California law, there is no contract until there is mutual consent of the parties. *Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 762 (N.D. Cal. 2019).  Arbitration is thus "strictly a matter of consent." *Lamps Plus, Inc.*

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00961-SVW-JPR | Date | July 6, 2021 |
|---|---|---|---|
| Title | *James Falls v. Soulbound Studios, LLC et al* | | |

*v. Varela*, 139 S. Ct. 1407, 1415 (2019). "A party cannot be required to submit [to arbitration] any dispute which he has not agreed so to submit." *Int'l Brotherhood,* 957 F.3d at 1041 (quoting *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007)).

Plaintiff argues that Defendant Xsolla fails to meet its burden to show an agreement to arbitrate because there is no evidence that the EULA applies to Plaintiff or that he consented to it. Dkt. 23 at 4-5. This argument is unavailing.

First, because Plaintiff employs the EULA to assert his contract claims against SBS, Dkt. 1 ¶ 21, he is equitably estopped from claiming that the EULA does not govern his relationship with Xsolla. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) ("Equitable estoppel 'precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'") (quoting *Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 267 (5th Cir.2004)).

Second, the Court rejects Plaintiff's argument that he was not presented with the EULA at checkout. That Plaintiff did not sign, date, click a box, or recall seeing the EULA is immaterial. Rather, the validity of the contract depends on whether Plaintiff had "actual or constructive knowledge" of the EULA's terms and conditions. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014). Whether Plaintiff had notice of the agreement "depends on the design and content of the website and the agreement's webpage." *Id.* at 1177.

Here, the Court concludes that Plaintiff had notice and constructive knowledge of the EULA's terms and conditions. The 2016 and 2018 screenshots of Xsolla's website and Mr. Burkovskiy's declaration[1] indicate that all users of Xsolla's website—including Plaintiff—are presented with the EULA via hyperlink at the time of the checkout. Dkt. 29-1 ¶¶ 3, 8-11. The website language provided that the customer acknowledges and agrees to be bound by the EULA by submitting payment. Dkt. 29-1 ¶¶ 8-10. Courts enforce internet contracts where the website contains "an explicit textual notice that continued use will act as a manifestation of the user's intent to be bound." *Nguyen*, 763 F.3d at 1177;

---

[1] To the extent Plaintiff argues that the Court cannot consider evidence outside of the pleadings, the Court rejects that argument. Although courts normally cannot consider matters outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss, it may consider such evidence in deciding a motion to compel arbitration. *See Cross v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 2:19-CV-00787-KJM-DB, 2019 WL 6496838, at *5 (E.D. Cal. Dec. 3, 2019) ("[W]here, as here, the petition seeks to compel arbitration, the court will apply a summary judgment-type standard and thus may look to extrinsic evidence beyond the petition to resolve the dispute.").

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00961-SVW-JPR | Date | July 6, 2021 |
| Title | *James Falls v. Soulbound Studios, LLC et al* | | |

*see Lee v. Ticketmaster L.L.C.*, 817 F. App'x 393, 394-95 (9th Cir. 2020) (holding that a user who placed an order after the website displayed the phrase "By clicking 'Place Order,' you agree to our Terms of Use," and a blue "Terms of Use" hyperlink above a "Place Order" button validly consented to the terms and conditions, even though the user did not read the terms).  Plaintiff thus consented to the EULA by submitting payment.

### c. Unconscionability

Plaintiffs' second argument is that the arbitration agreement is unenforceable because it is unconscionable.  Dkt. 23 at 7-9.  However, the Court need not address these assertions because Plaintiff never argues that the delegation provision itself is unconscionable.   When an arbitration agreement delegates the question of arbitrability to the arbitrator, as here, *see infra* at 4–5, a party opposing arbitration may only challenge the delegation provision itself as unconscionable.  *See Brennan*, 796 F.3d at 1128.  Plaintiff claims that the entire contract is adhesive, Dkt. 23 at 7, and that Xsolla unfairly limits its liability without limiting its remedies in Section 8 of the EULA, *Id.* at 8-9, but Plaintiff makes no argument with respect to the delegation provisions in Section 10 themselves.  "[S]ince [Plaintiff] failed to 'make any arguments specific to the delegation provision,' … '[the Court] need not consider that claim,' … because it is for the arbitrator to decide in light of the parties' 'clear and unmistakable' delegation of that question."  *Brennan*, 796 F.3d at 1128 (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 73-75 (2010)).[2]  Therefore, the Court concludes that the agreement to arbitrate arbitrability is enforceable.

### d. Scope of Arbitration

Plaintiff next argues that his complaint arises from Xsolla's Refund Policy and not the EULA.  Dkt. 23 at 10.  However, the EULA incorporates the Refund Policy in Section 4: "All charges incurred, and all purchases are payable in advance and are not refundable in whole or in part, regardless of the payment method, except as expressly set forth in this agreement and applicable refund policy."  Declaration of Dmitry Burkovskiy, Ex. 1, § 4.  Moreover, Plaintiff is equitably estopped from claiming that the EULA does not govern his relationship with Xsolla.  Accordingly, Plaintiff cannot argue that his claims fall outside the scope the arbitration agreement.

---

[2] Because the Court concludes that the question of arbitrability is delegated to the arbitrator, any questions about the scope of the arbitration clause are likewise to be decided by the arbitrator.  *See Cronin v. Advanced Fresh Concepts Franchise Corp.*, 2020 WL 6391216, at *2 (C.D. Cal. 2020).

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00961-SVW-JPR | Date | July 6, 2021 |
| Title | *James Falls v. Soulbound Studios, LLC et al* | | |

    e. **Delegation of Arbitrability**

    Plaintiff further argues that arbitrability must be determined by this Court because the Court retains the authority to determine arbitrability where the claim of arbitrability is "wholly groundless" despite a valid arbitration clause. Dkt. 23 at 10. However, there is no "wholly groundless" exception to contracts delegating the issue of arbitrability to an arbitrator. *Schein*, 139 S. Ct. at 531. Moreover, the EULA's arbitration provision expressly delegates the issue of arbitrability to the arbitrator. The arbitration provision of the EULA provides, in relevant part, that "[a]ny dispute arising out of or in connection with the Agreement, including any question regarding its existence, validity, or termination shall be determined by final and binding arbitration." Dkt. 20, Ex. 1, § 10 B. The delegation of "any questions regarding [the Agreement's] . . . validity" to "final and binding arbitration" constitutes a clear and unmistakable agreement to arbitrate the question of arbitrability. *See Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) (holding that delegating "the validity or application of the provisions of" the arbitration clause constituted clear and unmistakable evidence of an agreement to arbitrate the question of arbitrability).

    The EULA's express incorporation of the JAMS rules also constitutes clear and unmistakable evidence of delegation. The Ninth Circuit has held that "incorporation of the AAA rules"—i.e., arbitrability rules promulgated by a leading arbitration service—"constitutes clear and unmistakable evidence that the contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130. Here, the arbitration provision in the EULA expressly incorporates the rules of JAMS, an entity similar to the AAA. Dkt. 20, Ex. 1, § 10 B. The JAMS rules provide that "[j]urisdictional and arbitrability disputes, include disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought … shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter." Dkt. 20 at 7. Other district courts have held that incorporation of the JAMS rules constitutes clear and unmistakable evidence of intent to arbitrate arbitrability. *See, e.g.*, *Ketroser v. Wasserman Media Grp., LLC*, 2017 WL 7171743, at *2-*3 (C.D. Cal. 2017); *Shierkatz Rllp v. Square, Inc.*, 2015 WL 9258082, at *6 (N.D. Cal. 2015); *Esquer v. Educ. Mgmt. Corp.*, 292 F. Supp. 3d 1005, 1012–13 (S.D. Cal. 2017). This Court agrees.

    Moreover, although the Ninth Circuit has not decided whether incorporation of arbitration service rules binds unsophisticated parties to arbitrate arbitrability, it has not "foreclose[d] the possibility that this rule could also apply to unsophisticated parties or to consumer contracts." *See Brennan*, 796

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00961-SVW-JPR | Date | July 6, 2021 |
| Title | *James Falls v. Soulbound Studios, LLC et al* | | |

F.3d at 1131.  This Court has previously joined a majority of other district courts in concluding that the rule applies similarly to unsophisticated parties.  *See Torres v. Secure Commc'n Sys., Inc.*, 2020 WL 6162156, at *4 (C.D. Cal. July 25, 2020); *Smith v. Nerium Int'l, LLC*, 2019 WL 7195330, at *4 (C.D. Cal. Sept. 10, 2019); *Esquer*, 292 F. Supp. 3d at 1012–13; *McLellan v. Fitbit, Inc.*, 2017 WL 4551484, at *2–3 (N. D Cal. Oct. 11, 2017); *Cordas v. Uber Technologies, Inc.*, 228 F.Supp.3d 985, 992 (N.D. Cal. 2017).  Accordingly, this Court finds that the parties clearly and unmistakably delegated the issue of arbitrability to the arbitrator.

### f. Class Arbitration

Plaintiff and Defendant both argue that the dispute should not be subject to class arbitration because the arbitration provision is silent on class arbitration.  Dkt. 20, 9; Dkt. 23, 12-13.  Classwide arbitration sacrifices the efficiency and cost benefits of "traditional individualized arbitration."  *Lamps Plus*, 139 S. Ct. at 1416.  "Neither silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to undermine the central benefits of arbitration itself." *Id.* at 1417.  Therefore, because the arbitration provision does not expressly provide for class arbitration, Dkt. 20, Ex. 1, § 10 B, the Court compels individual arbitration.

### g. Stay/Dismissal of Proceedings

Defendant argues that the case should be stayed pursuant to the FAA, which provides for "a stay of litigation in any case raising a dispute referable to arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (citing 9 U.S.C. § 3).

Defendant cites several cases indicating that a case may be dismissed based on an arbitration provision.  *See, e.g.*, *Thinknet Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) ("A request for a stay is not mandatory") (quoting *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147 (9th Cir.1978)).  Here, however, the Court only enforces the delegation clause, and does not reach the issue of whether Plaintiff's claims are arbitrable.  Because that question is left to the arbitrator and Plaintiff has requested a stay if the case is referred to arbitration, *see* Opp. at 19, the Court will stay the case instead of dismissing it.  *See* 9 U.S.C. § 3; *Crypto Asset Fund, LLC v. OPSkins Grp., Inc.*, 2020 WL 5104038, at *9 (C.D. Cal. 2020); *Ketroser*, 2017 WL 7171743, at *3.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00961-SVW-JPR | Date | July 6, 2021 |
|---|---|---|---|
| Title | *James Falls v. Soulbound Studios, LLC et al* | | |

**IV.   Motion to Transfer**

Forum selection clauses are generally presumed to be valid. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties" should a court act otherwise. *Id.*

Here, no extraordinary circumstances warrant ignoring the forum selection clause. Plaintiff argues that he was unaware of the clause because it was buried in Soulbound's terms of service. Yet, that argument runs counter to *Carnival Cruise Lines, Inc. v. Shute*, where the Supreme Court rejected the argument that a forum selection clause is unenforceable "simply because it is not the subject of bargaining." 499 U.S. 585, 593 (1991).

None of the three factors identified in *The Bremen v. Zapata Off-Shore Co.* favor Plaintiff's position here. *See generally* 407 U.S. 1 (1972). Accordingly, the forum selection clause is valid, and the motion to transfer will be granted.

**V.   Conclusion**

For the foregoing reasons, the motion to transfer, Dkt. 17, is GRANTED, the motion to compel arbitration, Dkt. 20, is GRANTED, and the motion to dismiss or strike, Dkt. 19, is DENIED as moot. The claims against Soulbound Studios are transferred to the United States District Court for the Western District of Washington. The remaining claims against Xsolla are stayed pending arbitration. Plaintiff and Xsolla should file a joint status report within thirty days of the completion of arbitration.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |